UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEWELRY 47, INC.,

                              Plaintiff,

            against

LARRY BIEGLER, DIONE TILLMAN and
ELOHIM FINANCIAL, INC.,

                              Defendants.

07 CIV 8272
(PAC)
AP

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## PLAINTIFF'S MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

Plaintiff submits this memorandum of law in support of its application for a temporary receiver to take possession of, preserve and supervise applications to purchase "THE BEHIA EMERALD," and to distribute the proceeds of any sale, pending determination of this action.

### STATEMENT OF FACTS.

Defendant Biegler, a California resident, was the owner of the largest emerald in the world, "THE BEHIA EMERALD", weighing more than 840 pounds and measuring some 180,000 carats. Having decided to sell this huge jewel, on the 7th day of July, 2007, defendant BIEGLER entered into a written joint venture with plaintiff, for the latter to sell "THE BAHIA

EMERALD." It was agreed that plaintiff would receive ten percent of the proceeds of sale, while defendant BIEGLER would get ninety percent.

In accordance with the terms of the joint venture agreement, after much effort at promoting the jewel.plaintiff produced a would-be buyer, ELOHIM FINANCIAL, INC., that offered some $19,000,000 for the jewel. The offer came from DIONE TILLMAN, the CEO of ELOHIM FINANCIAL, INC.

Upon learning that plaintiffs had received a $19,000,000 offer for the jewel, defendant TILLMAN of ELOHIM FINANCIALS, INC., defendant BIEGLER decided to inject himself into the negotiations and managed to get a $75,000,000 bid from TILLMAN and his company ELOHIM FINANCIAL, INC. The parties, BIEGLER AND TILLMAN worked out an arrangement where BIEGLER would gather investors to syndicate "THE BAHIA EMERALD" and to flip the jewel at a profit. However, according to the simple terms of the JOINT VENTURE, plaintiffs would be entitled to ten percent of the selling price, amounting to $7,500,000.

Despite the fact that it was plaintiff that produced the buyer, defendant BIEGLER decided not to pay plaintiffs, making a token verbal offer of $500,000 to resolve the matter.

It is in this atmosphere, that plaintiff commenced this action

2

against defendants for damages in the sum of $7,500,000, for a permanent injunction to prohibit defendant BIEGLER from selling the jewel without the approval of plaintiff, and for a permanent receiver to take possession of "THE BAHIA EMERALD" to entertain offers to purchase the jewel with Court approval and to take possession of the proceeds of any sale and distribute the proceeds in accordance with the written agreement of the parties..

Plaintiff now move for a temporary receiver, to take possession of the jewel and to supervise any sale thereof, including distribution of the proceeds, pending court direction.

## ARGUMENT

### GIVEN THE FIDUCIARY RELATIONSHIP AMONG PARTIES TO A JOINT VENTURE AND THE BAD FAITH OF PLAINTIFF BEIGLER, A TEMPORARY RECEIVER SHOULD BE APPOINTED TO TAKE POSSESSION OF THE BAHIA EMERALD AND ANY PROCEEDS FROM THE SALE THEREOF

Plaintiffs and defendant BIEGLER entered into a joint venture for a single purpose, to sell "THE BAHIA EMERALD." "Under New York law, joint ventures are governed by the same legal rules as partnership. . . B ecause a joint venture is essentially a *partnership* for a limited purpose." *Scholastic, Inc. v. Harris,* 259 F.3rd 73 (2nd Circ., 2001) Under New York Law, partners owe to each other the highest degree of loyalty and certainly cannot

exclude a member of the benefit of a transaction in the course of the partnership, as held in the leading New York case, *Meinhard v. Salmon,* 249 N.Y. 458, 164 N.E. 545 (1928) The historical principle of *Meinhard* has never waivered in its application. "Joint adventurers, like copartners, owe to one another, while the enterprise continues, the duty of the finest loyalty. Strict adherence to the rule of undivided loyalty has been insisted upon by the courts without exception." *Ebker v. Tan Jay Intern. Ltd.,* 741 F. Supp. 448 (S.D.N.Y., 1990)

Having produced a buyer, plaintiff is entitled to the commission resulting from the sale. However, having possession of the jewel, defendant BIEGLER has chosen to take on the deal for himself, to the exclusion of his joint adventurers. It is in this climate that the Court should appoint a temporary receiver to take possession of the jewel and to supervise its marketability. *Federal Home Loan Mortgage Corp. v. Spark Tarrytown, Inc.,* 813 F. Supp. 234 (S.D.N.Y., 1993)

## CONCLUSION

## A TEMPORARY RECEIVER SHOULD BE APPOINTED TO TAKE POSSESSION OF THE JEWEL AND SUPERVISE ANY SALE AND DISTRIBUTE THE PROCEEDS

*Respectfully submitted,*

GORDON & GORDON, P.C.
By: _____
Peter S. Gordon (PSG0068)
Attorneys for Plaintiff
108-18 Queens Boulevard
Forest Hills, NY 11375
(718) 544-7070