Scott S. McKessy (SM-5489)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
Attorneys for Defendant Larry Biegler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                              :

JEWELRY 47, INC.,                      :

                Plaintiff,      **CIVIL ACTION NO. 07-CIV-8272 (PAC)**
      v.                             :
LARRY BIEGLER and ELOHIM  :
FINANCIAL and DIONE TILLMAN

               Defendants.  :

------------------------------------------------------X

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the annexed Declarations of Larry Biegler dated October 12, 2007 and Scott S. McKessy dated October 16, 2007and the exhibits attached thereto and the accompanying Memorandum of Law, the undersigned will move this Court for an order: (i) pursuant to Federal Rule of Civil Procedure Rules 12(b)(2), (6) and (7) and 19(b) dismissing the complaint in this action; (ii) in the alternative, pursuant to 28 U.S.C. § 1404(a), transferring this action to the Southern District of California; (iii) granting Mr. Biegler his costs and attorneys fees in connection with this action; and (iv) for such other relief as the Court deems necessary and proper.

**PLEASE TAKE FUTHER NOTICE** that, pursuant to the Court's order, opposition papers, if any, are to be served, so as to be received, no later than October 20, 2007.

Dated:    New York, New York
          October 6, 2007

-2-

Respectfully submitted,

REED SMITH LLP

By: _____
Scott S. McKessy (SM-5479)
599 Lexington Avenue
New York, New York  10022
(212) 521-5400
*Attorney for Defendant*
*Larry Biegler*

To:   Peter S. Gordon, Esq.
      Gordon & Gordon
      108-18 Queens Boulevard
      Forest Hills, New York  11375
      (718) 544-7070

      Attorneys for Plaintiff

Scott S. McKessy (SM-5489)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
Attorneys for Defendant Larry Biegler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
JEWELRY 47, INC.,                                      :
                                                       :
                              Plaintiff,    CIVIL ACTION NO. 07-CIV-8272 (PAC)
             v.                                        :
LARRY BIEGLER and ELOHIM                               :
FINANCIAL and DIONE TILLMAN                            :
                              Defendants.   :
-------------------------------------------------------X

## DECLARATION OF SCOTT S. MCKESSY

Scott S. McKessy, declares under penalty of perjury:

1. I am a member of Reed Smith LLP, attorneys for defendant Larry Biegler. I am fully familiar with the facts set forth herein, and submit this declaration, pursuant to 28 U.S.C. § 1746, in support of Mr. Biegler's instant motion to dismiss the complaint pursuant to Fed. R. Civ. Pro. Rules 12(b)(2), (6) and (7) and 19(b), or, if dismissal is not granted, to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1404(a).

## INTRODUCTION

2. As previously detailed to this Court in plaintiff's prior application, this entire action was designed to interrupt the sale of an 840 lbs emerald conglomerate (the "Emerald") and to squeeze a payment from defendants in order to let the sale of the Emerald smoothly proceed. Since plaintiff has no right to a payment in connection with the sale of the Emerald, it was forced to concoct, manipulate and contort facts just to get in the courthouse doors. In its haste to further its "agenda", however, plaintiff has failed to establish that this Court has personal jurisdiction over Mr. Biegler, that all indispensable parties are joined herein, and that it actually

pled the allegations necessary to assert the claims it purports to have. And as this Court is aware, Mr. Biegler flatly denies that he ever signed the "agreement" upon which plaintiff bases its entire action, but for purposes of the instant motion only, will address the allegations of the complaint as pled – no matter how poorly that may be.

## THE INSTANT MOTION

3.      The instant motion should be granted for each of the following reasons.

4.      First, this Court does not have personal jurisdiction over Mr. Biegler. As detailed in Mr. Biegler's accompanying declaration, dated October 12, 2007, he has never transacted any business in this State, nor has he ever been in the State. Indeed, faced with these facts, plaintiff bases personal jurisdiction over Mr. Biegler on plaintiff's actions in this State and NOT Mr. Biegler's. Plaintiff's actions, in this regard, are irrelevant. Plus, the only other contention by plaintiff is that the "agreement" was executed here. This, too, is not true. As plaintiff's own admissions demonstrate, plaintiff claims the "agreement" was signed by Mr. Biegler in California.

5.      Second, plaintiff fails to name all indispensable parties to this action. Jeff Downey is a party to the "agreement" but has not been named as a plaintiff herein. His presence is required, by equity and good conscience, for a full and proper adjudication to be had under the "agreement." Moreover, Jeff Downey has already demonstrated that he is willing to actively participate in this litigation and enforce his rights under the "agreement" – as this Court will recall, Jeff Downey submitted a declaration in support of plaintiff's application for the appointment of a temporary receiver. So the question remains, why is he not named as a plaintiff herein – the complaint offers no explanation, even though the Federal Rules require one. The answer is that his presence as a party-plaintiff herein destroys this Court's subject matter jurisdiction. By not naming him, plaintiff was able to manipulate the circumstances so that it could get this action heard in this forum instead of a proper one.

6.      Third, plaintiff's three "Counts" fail to plead a cause of action upon which relief can be based. Count 1 alleges a breach of a joint venture agreement, but is devoid of any

allegations pleading the essential elements of joint venture agreement. Counts 2 and 3 seek equitable relief, but all plaintiff seeks is payment of a "commission" – money damages. Plus, neither plaintiff nor Mr. Biegler have any rights, title or interest in the Emerald itself – plaintiff wants this Court to affect the rights of parties not named herein, even beyond Jeff Downey.

7.  Finally, to the extent this action is not dismissed – which it should be – this action should be transferred to the Southern District of California. That is where all of the "events at issue" occurred. The only meeting between plaintiff and Mr. Biegler took place in California, the Emerald is located in California, all defendants are in California, and all witnesses are in California. There is no connection between this action and New York.

**PLAINTIFF'S "PRESS RELEASE"**

8.  On October 16, 2007, I performed an electronic search for the Press Release previously brought to this Court's attention. I was still able to access the Press Release at the following web address: http://www.mmdnewswire.com/judge-appoints-temporry-receiver-for-400-000-000-emerld-one-worlds-lrgest-2282-3.html. I was unable to locate any retractions or corrections relating to this Press Release.

**ATTACHED DOCUMENTS**

9.  The following documents are annexed hereto and submitted in further support of Mr. Biegler's instant application to dismiss the complaint:

Exhibit A – Complaint

Exhibit B – Declaration of Jeff Downey, dated September 21, 2007

Exhibit C – Indicia of ownership of Emerald by B&B Service, Inc.

Exhibit D – Email, dated September 27, 2007, from Gil Weiss

Exhibit E – Court Transcript, dated October 2, 2007.

-4-

**WHEREFORE**, it is respectfully requested that this Court grant Mr. Biegler's instant application in its entirety and grant Mr. Biegler such other and further relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 16, 2007.

_____
Scott S. McKessy

Scott S. McKessy (SM-5479)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
Attorneys for Defendant Larry Biegler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEWELRY 47, INC., <br><br> Plaintiff, <br><br> v. <br><br> LARRY BIEGLER, DIONE TILLMAN and ELOHIM FINANCIAL, INC. <br><br> Defendants. | Case No.: 07-CIV-8272 (PAC) |

## DECLARATION OF LARRY BIEGLER

LARRY BIEGLER, declares as follows:

1. I am one of the named defendants in this action. I am fully familiar with the facts set forth herein, and submit this declaration pursuant to 28 U.S.C. §1746, in support of my instant application to dismiss this action or, in the alternative, to have the action transferred to the Southern District of California.

2. I am a resident of the State of California.

3. I have never been to the State of New York and I have never transacted any business in the State of New York – let alone transacted any business with plaintiff in the State of New York. I do not own any property in the State of New York, nor do I have any bank

accounts, addresses, P.O. Boxes, or telephone numbers in this State. I was purportedly served with the Summons and Complaint in this action at my home in California,

4. I am not, nor have I ever been the owner of the world's largest emerald conglomerate (the "Emerald") for which plaintiff claims a commission for its sale. *See* Exhibit C. Indeed, as evidenced from Exhibit C, when this action was commenced, the owner of the Emerald was B&B Services, Inc. – a California company for which I work.

5. In May 2007, B&B Services, Inc. began having discussions with Elohim Financial, Inc. for the sale of the Emerald. Those negotiations entailed an option for Elohim Financial, Inc. to purchase the Emerald, as well as for it to act as the exclusive selling agent for the Emerald in the private market.

6. In or about that same month, Jeff Downey ("Downey") heard the Emerald was up for sale. He then called me and we met, in California, regarding the possibility of brokering the sale of the Emerald. Jeff Downey lives in California. I gave him some documentation regarding the Emerald at that time, and told him that on any deal he brought to B&B Services, Inc., that closed and funded, and that had a sales price of over $25.0 million, a 10% commission would be paid. For anything under that amount, however, no commission would be paid.

7. In Mid-May, 2007, Downey contacted Marco Diaz-Infante about Gary Weiss in an attempt to facilitate a possible sale of the Emerald. I was under the impression that Gary Weiss was a potential buyer of the Emerald.

8. In late May, 2007, Gary Weiss requested the opportunity to take pictures of the Emerald, and offered to send his son, Gil Weiss, to inspect and take photographs of the Emerald in California. Gil Weiss told me he lived in San Diego, California.

9. On May 30, 2007, Mr. Diaz-Infante and I drove to San Jose and picked Gil Weiss up at the airport. The three of us went to breakfast, and then went to a warehouse to inspect and view the Emerald.

10. After visiting the Emerald, Mr. Diaz-Infante, Gil Weiss and I went to lunch.

11. At lunch, I realized that Gil and Gary Weiss were not potential buyers of the Emerald, but had heard that it was up for sale and wanted the opportunity to broker its sale. Gill Weiss then presented me with a 1/2 page contract regarding a broker relationship as to the Emerald.

12. This 1/2 page "agreement" did not contain any of the ordinary terms for an agreement I use in connection with the Emerald. In fact, I could not sign the "agreement" offered by Gil Weiss, as I have never been the owner of the Emerald, and the insurance policy for the Emerald does not allow any third-party to take possession of the Emerald and still provide coverage.

13. I declined to sign the "contract", but have since learned that plaintiff falsely claims I signed this "contract" during this lunch meeting in California. *See* Exhibit D. I never signed this contract. The signature thereon is not mine, was not made by me, nor did I authorize anyone to sign on my behalf.

14. Moreover, while I should not have to litigate plaintiff's frivolous claims against me to begin with, I should not be forced to litigate this frivolous action in the State of New York. As mentioned above, I have never been to the State of New York, do not transact any business in that State, and, to the extent there will be witnesses in this action, they are in California: all defendants are in California; Jeff Downey lives in California, and, I am told, Gil

Weiss lives in California. The only meeting I had with anyone from plaintiff occurred in California, and all meeting I have had with Jeff Downey took place in California.

15. Finally, I never had any intention of entering into any joint venture with plaintiff – that claim is simply absurd.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of October, 2007.

*Larry Biegler* (signature)

- 4 -