**EXHIBIT "A"**

JUDGE CROTTY.

**07 CIV 8272**
**PAC**
**(AP)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JEWELRY 47, INC.,

                           Plaintiffs                    COMPLAINT

         against

LARRY BIEGLER, DIONE TILLMAN and
ELOHIM FINANCIAL , INC.,

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     Plaintiff, by its attorneys, GORDON & GORDON, allege as and

for their complaint, as follows:

## JURISDICTION

     1.  Jurisdiction is hereby invoked pursuant to 18 U.S.C. 1332 (1),

on grounds of diversity of citizenship of the parties, in that plaintiff is a citizen

of the State of New York and defendants are citizens of the State of California.

## VENUE

     2.  Venue is properly laid in the United States District Court for

the Southern District of New York, in that the joint venture contract was

executed in the State of New York and the contract was partially performed in the

State of New York, within the meaning of Rule 302 of the New York Civil

1

Practice Law & Rules. In addition, plaintiff maintains its place of business within the County of New York.

COUNT ONE
(BREACH OF CONTRACT)

3. That at all times hereinafter mentioned, plaintiff JEWELRY 47, INC. was and still is a corporation duly organized under the laws of the State of New York and doing business within the State of New York.

4. That at all times hereinafter mentioned, defendant BIEGLER was and still is a resident of the State of California.

5. That at all times hereinafter mentined, defendant TILLMAN was and still is a resident of the State of California.

6. That at all times hereinafter mentioned, defendant ELOHIM FINANCIAL, INC. was and still is a resident of the State of California.

7. That at all times hereinafter mentioned, defendant BIEGLER was and still is the owner of the World's largest emerald conglomerate, discovered in the year 2001, which is over 840 pounds and 180,000.00 carats and known as "The Bahia Emerald".

8. That on the 7th day of July, 2007, plaintiff and defendant LARRY BIEGLER did enter into a joint venture agreement, the purpose of

2

which was for plaintiffs to promote, publicize and advertise, for the sale

of "THE BAHIA EMERALD", for which plaintiff would receive as

consideration, ten percent of the selling price and defendant BIEGLER would

receive ninety percent of the selling price, a copy of which is annexed and made a

part of this compaint.

9.  That thereafter, plaintiff did perform under the

terms of the agreement, including, *inter alia*, on or about the 11th day of

September, 2007, plaintiff did enter into agreement with defendant

TILLMAN for his corporation, defendant ELOHIM FINANCIAL, INC.,

to purchase "THE BAHIA EMERALD", for the sum of nineteen million

($19,000,000) dollars.

10.  That thereafter, defendant TILLMAN and defendant

BIEGLER did enter into negotiations and did agree that a conglomeratin of

investors organized by defendant ELOHIM FINANCIAL, INC. would

purchase "THE BEHIA EMERALD" for the sum of seventy five million

($75,000,000), dollars, entitling plaintiff to ten percent of the selling

price pursuant to the terms of the agreement of July 7th, 2007, to wit, the sum of

seven million five hundred thousand ($7,500,000) dollars.

11.  That defendant BIEGLER did anticipatory breach

3

the agreement, by putting plaintiff on notice, that defendant BIEGLER would

not pay plaintiff the sum of ten percent of the purchase price of "the BEHIA

EMERALD" as per the terms of the agreement of July 7th, 2007.

      12.  That as a result of the premises, plaintiffs have been

damaged in the sum of seven million five hundred thousand dollars.

COUNT TWO
(INJUNCTION)

      13.  Plaintiff repeats, realleges and reiterates each and every

allegation as set forth in paragraphs 3 through 11 of plaintiff's count one of the

complaint.

      14.  That plaintiff is entitled to an injunction,

prohibiting defendants from selling and buying said "THE BEHIA

EMERALD" without the consent of plaintiffs.

      15.  That unless plaintiff is given a permanent

injunction by the Court, plaintiff will suffer irreparable harm, for which

plaintiff does not have an adequate remedy at law.

COUNT THREE
(RECEIVER)

      16.  Plaintiff repeats, realleges and reiterates each and

allegation as set forth in paragraphs 3 through 11 of count one of the complaint.

4

17.  That "THE BAHIA EMERALD" is a unique item and is the largest jewel of its kind.

18.  That as a result of the premises, plaintiff is entitled to the appointment of a receiver to sell "THE BAHIA EMERALD" and to supervise the distribution of the net proceeds, pu8rsuqant to the terms of the agreement of July 7th, 2007.

WHEREFORE, plaintiff demands judgment against defendants on the first count in the sum of $7,500,000, plus interest, on the second count, for an injunction, prohibiting defendants from executing any sale of "THE BEHIA EMERALD" without the consent of plaintiffs and on the third count, for the appointment of a Temporary Receiver of "THE BEHIA EMERALD" and for such other and further relief as to this Court may be deemed just and proper, together with the costs and disbursements of this action.

GORDON & GORDON

By: _____

    PETER S. GORDON (PSG0068
Attorney for Plaintiff
108-18 Queens Boulevard
Forest Hills, New York 11375
718-544-7070

5

The following is a contract which will set the terms for the sale of The Emerald Conglomerate which is described in detail within the attached appraisal forms. The terms of this agreement assume that Larry Biegler is the sole owner of the Conglomerate and that Jewelry47 (Gil Weiss and Gary Weiss) and Jeff Downey are the brokers of the Conglomerate.

**90%** of the sale price of the Conglomerate will go to Larry Biegler and **10%** will be split evenly between Jewelry47 and Jeff Downey. All expenses, including but not limited to the transport of the Conglomerate and the insurance of the Conglomerate, will be incurred by Larry Biegler as needed. The advertising expenses related to the Conglomerate, including but not limited to eBay fees, print advertising, and promotional events, will also be incurred by Larry Biegler, but may be subject to his approval.

Lary Biegler _____    Date 2/1/07

Jeff Downey _____    Date 6-2-07

Gil Weiss _____    Date _____

Gary Weiss _____    Date 6-6-07