Scott S. McKessy (SM-5489)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
Attorneys for Defendant Larry Biegler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
JEWELRY 47, INC.,                                      :
                                                       :
                         Plaintiff,        **CIVIL ACTION NO. 07-CIV-8272 (PAC)**
                                                       :
            v.                                         :
                                                       :
LARRY BIEGLER and ELOHIM                               :
FINANCIAL and DIONE TILLMAN                            :
                                                       :
                         Defendants.       :
                                                       :
-------------------------------------------------------X

### DEFENDANT LARRY BIEGLER'S
### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

REED SMITH
599 Lexington Avenue
New York, New York  10022
212-521-5400

Attorneys for Defendant
Larry Biegler

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ......................................................................1

RELEVANT FACTS ....................................................................................3

ARGUMENT ..............................................................................................4

    I.    THE COMPLAINT SHOULD BE DISMISSED FOR LACK
          OF PERSONAL JURISDICTION OVER MR. BIEGLER ..........................4

        A.    CPLR § 301 Does Not Confer Personal Jurisdiction Over Mr.
             Biegler..............................................................................5

        B.    CPLR § 302 Does Not Confer Personal Jurisdiction Over Mr.
             Biegler..............................................................................6

        C.    The Exercise Of Personal Jurisdiction
             Over Mr. Biegler Violates His Right to Due Process ...................12

    II.    THE COMPLAINT SHOULD BE DISMISSED FOR
          FAILURE TO NAME ALL INDISPENSABLE PARTIES .......................14

    III.    THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION............16

        A.    Count 1 Fails To Plead A Joint Venture Agreement ....................17

        B.    Counts 2 and 3 Are Without Merit .................................................18

    IV.    THIS CASE MUST EITHER BE DISMISSED OR TRANSFERRED TO
          THE SOUTHERN DISTRICT OF CALIFORNIA BECAUSE VENUE IN
          THE SOUTHERN DISTRICT OF NEW YORK IS IMPROPER,
          INCONVENIENT AND UNJUST...............................................19

CONCLUSION............................................................................................21

## **TABLE OF AUTHORITIES**

**Cases**

*580 Folsom Associates v. Prometheus Development Co.*, 223 Cal.App.3d 1, 272 Cal.Rptr. 227 (1990)...................................................................................................................................... 17

*Aero-Bocker Knitting Mills, Inc. v. Allied Fabrics Corp.*, 54 A.D.2d 647, 387 N.Y.S.2d 635 (1st Dep't 1976)............................................................................................................................ 11

*Amigo Foods Corp. v. Marine Midland Bank-New York*, 61 A.D.2d 896, 402 N.Y.S.2d 406 (1st Dep't 1978)............................................................................................................................ 10

*Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir. 1963) ....................................... 5

*Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)...................................................................................................................... 12

*Berkshire Capital Group, LLC v. Palmet Venture, LLC*, 2007 WL 2757116  (S.D.N.Y. Sept. 21, 2007)(Crotty, J.)................................................................................................................... 7, 9

*Black River Assocs. v. Newman*, 218 A.D.2d 273, 637 N.Y.S.2d 880 (4th Dep't 1996) ............. 13

*Celton Man Trade, Inc v. UTEX, S.A.*, 1986 WL 6788 (S.D.N.Y. June 12, 1986)....................... 10

*China Resource Products(USA) Ltd. v. China Distribs., Inc.*, 1994 WL 440719 (S.D.N.Y. Aug. 16, 1994) .................................................................................................................................... 10

*Communications Opportunity, Inc. v. Davis*, 1998 WL 240527 (E.D.N.Y. April 28, 1998) ....... 16

*Connor v. Great Western Sav. & Loan Assn.*, 69 Cal.2d 850, 73 Cal.Rptr. 369, 447 P.2d 609 (1968)....................................................................................................................................... 17

*Continental Field Serv. Corp. v. ITEC Int'l.*, 894 F. Supp. 151 (S.D.N.Y. 1995) .......................... 8

*Cooperstein v. Pan-Oceanic Marine, Inc.*, 124 A.D.2d 632, 507 N.Y.S.2d 893 (2d Dep't 1986) 10

*Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64 (2d Cir. 2003).................................................... 17

*Faravelli v. Bankers Trust Co.*, 85 A.D.2d 335, 447 N.Y.S.2d 962 (1st Dep't 1982) .................... 8

*Fisher v. Meyerowitz*, 31 Misc. 2d 624, 220 N.Y.S.2d 920 (Sup 1961)....................................... 19

*Galgay v. Bulletin Co., Inc.*, 504 F.2d 1062 (2d Cir. 1974)......................................................... 11

*Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F.Supp. 701 (S.D.N.Y. 1997) ............................................................................................................................................. 14

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 109 S. Ct. 2893 (1989) ........................... 16

*Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) ........................... 12, 13

*In re Cuyahoga Equip. Coro.*, 980 F.2d 110 (2d Cir. 1992)........................................................ 19

*International Customs Assocs., Inc. v. Ford Motor Co.*, 893 F. Supp. 1251 (S.D.N.Y. 1995) ...... 7

*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ...... 12, 13

*Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd.*, 909 F.2d 698 (2d Cir. 1990) ........ 17

*Ivey v. Housing Foundation of America, Inc.*, 73 F. Supp. 201 (D. Pa. 1947) ............................ 19

*J. E. T. Advertising Assocs. v. Lawn King, Inc.*, 84 A.D.2d 744, 443 N.Y.S.2d 745
(2d Dep't 1981) ............................................................................................................. 7

*J.L.B. Equities, Inc. v. Ocwen Financial Corporation*, 131 F. Supp.2d 544 (S.D.N.Y. 2001) .. 4, 6

*Kahn Lucas Lancaster v. Lark Int'l, Ltd.*, 956 F. Supp. 1131 (S.D.N.Y. 1997) .......................... 4

*Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039
(2d Cir. 1990)................................................................................................................. 5

*Leeds v. Meltz*, 85 F.3d 51 (2d Cir. 1996)................................................................................ 16

*Leney v. Plum Grove Bank*, 670 F.2d 878 (10th Cir. 1982) ..................................................... 13

*L'Europeenne de Banque v. La Republica de Venezuela*, 700 F. Supp. 114 (S.D.N.Y. 1988)..... 16

*Lichtenstein v. Jewelart, Inc.*, 95 F.R.D. 511 (E.D.N.Y. 1982)................................................. 9

*Longines-Wittnauer Watch Co. v Barnes & Reinecke*, 15 N.Y.2d 443, 209 N.E.2d 68, 261
N.Y.S.2d 8 (1965)......................................................................................................... 7

*McGowan v. Smith*, 52 N.Y.2d 268, 437 N.Y.S.2d 643 (1981)................................................ 8

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996), *cert. denied*,
117 S.Ct. 508 (1996)..................................................................................................... 4

*Meurer v. Meurer*, 21 A.D.2d 778, 250 N.Y.S.2d 817 (1st Dep't 1964) ................................... 19

*Mid-Delta Health Systems, Inc. v. Professional Trends, Inc.*, 2007 WL 2350265
(W.D.La., 2007)............................................................................................................ 19

*Murdock v. Arenson International USA, Inc.*, 157 A.D.2d 110, 554 N.Y.S.2d 887
(1st Dep't 1990)............................................................................................................. 12

*National Telephone Directory Consultants, Inc. v. BellSouth Advertising & Publishing Corp.*, 25
F. Supp. 2d 192 (S.D.N.Y. 1998) ................................................................................ 8

*New Hampshire Ins. Co. v. Wellesley Capital Partners, Inc.*, 200 A.D.2d 143, 612 N.Y.S.2d 407
(1st Dep't 1994)............................................................................................................. 13

*Oberlander v. Fine Care, Inc.*, 108 A.D.2d 798, 485 N.Y.S.2d 313 (2d Dep't 1985)................... 3

*Orlosky v. Empire Sec. Sys.*, 230 A.D.2d 401, 657 N.Y.S.2d 840 (3d Dep't 1997) ..................... 3

*Pacamor Bearings, Inc. v. Molon Motors & Coil, Inc.*, 102 A.D.2d 355, 477 N.Y.S.2d 856
(3d Dep't 1984) ............................................................................................................. 8

*Parmalat Securities Litigation*, 501 F.Supp.2d 560 (S.D.N.Y. 2007) .......................................... 17

*Premier Lending Services v. J.L.J. Associates*, 924 F. Supp. 13 (S.D.N.Y. 1996)........................ 8

*Presidential Realty Corp., v. Michael Square West, Ltd.*, 44 N.Y.2d 672, 376 N.E.2d 198,
    405 N.Y.S.2d 37, 38 (1978)........................................................................................................ 12

*Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733,
    9 L.Ed.2d 936 (1968)................................................................................................................. 15

*Rainbow Indus. Prods. v. Haybuster Mfg., Inc.*, 419 F. Supp. 543 (E.D.N.Y. 1976).................. 10

*Roper Starch Worldwide, Inc. v. Reymer & Associates, Inc.,*, 2 F.Supp.2d 470 (S.D.N.Y. 1998). 7

*Rosen v. Braun*, 2 A.D.2d 654, 152 N.Y.S.2d 247 (4th Dep't 1956) ........................................... 19

*Ryan v. Volpone Stamp Co.*, 107 F.Supp.2d 369 (S.D.N.Y. 2000)............................................... 14

*Simonson v. Int'l Bank*, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 436 (1964) ............................... 5

*Sty-Lite Co. v. Eminent Sportswear, Inc.*, 115 F.Supp.2d 394 (S.D.N.Y. 2000) .................... 14, 15

*T.J. Raney & Sons, Inc. v. Security Savings & Loan Assoc.*, 749 F.2d 523 (8th Cir. 1984)......... 13

*Totonelly v. Cardiology Associates of Corpus Christi, Inc.*, 932 F. Supp. 621
    (S.D.N.Y. 1996) .......................................................................................................................... 19

*Tufano v. One Toms Point Lane Corp.*, 64 F.Supp.2d 119 (E.D.N.Y. 1999) ............................... 16

*United States v. First Nat'l City Bank*, 379 U.S. 378, 85 S.Ct. 528 (1965) ................................... 5

*Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559,
    62 L.Ed.2d 490 (1980)................................................................................................................ 12

Defendant Larry Bieger, through his counsel Reed Smith LLP, respectfully submits this Memorandum of Law in support of his motion to dismiss the complaint filed against him by plaintiff Jewelry 47, Inc. pursuant to Fed. R. Civ. P. Rules 12(b)(2), (6) and (7) and 19(b) or, in the alternative, to transfer this action to the Southern District of California pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT

As mentioned in Mr. Biegler's prior submissions to this Court, the instant action is nothing more than a hastily manufactured claim; attempting to forestall and coerce a "commission" pertaining to the sale of the World's largest emerald conglomerate (the "Emerald").[1]  Plaintiff brings this action based upon a rudimentary 1/2 page agreement claiming that this heavily one-sided agreement – which had no downside or expense for plaintiff – constituted a multi-million dollar joint venture between plaintiff, non-party Jeff Downey and Mr. Biegler that now entitles plaintiff and Jeff Downey to a $7.5 million commission as soon as the Emerald is sold – *no matter what*!  But the bigger issue for plaintiff is that Mr. Biegler never signed the agreement – someone forged his name to the document.  Even without delving into the forgery issue, or the fact that plaintiff's claims have no substantive merit, there are numerous other bases for this Court to dismiss this action at this stage of the proceedings.

First, this Court does not have personal jurisdiction over Mr. Biegler.  Mr. Biegler resides in California, does not transact business in the State of New York, owns no property in this State and has never been to New York.  Consequently, it is of no surprise that the complaint is devoid of a single allegation that could support the claim that this Court has personal jurisdiction over

---

[1]  As of the filing of this brief, the Press Release misrepresenting that this Court had appointed a temporary receiver could still be accessed on the Mass Media Distribution Newswire at http://www.mmdnewswire.com/judge-appoints-temporry-receiver-for-400-000-000-emerld-one-worlds-lrgest-2282-3.html.  Counsel has been unable to locate any retraction or correction relating to this Press Release.  *See* accompanying Declaration of Scott S. McKessy, dated October 16, 2007, ¶ 8 ("McKessy Decl.").

Mr. Biegler. Indeed, due process considerations prohibit the exercise of personal jurisdiction in this instance.

Second, plaintiff fails to name all indispensable parties (*i.e.* Jeff Downey) to the "agreement" upon which it sues. In this regard, Jeff Downey is a party to the "agreement", has already demonstrated to this Court his willingness to participate in "enforcing" the "agreement", and equity and good conscience require that this action not proceed without him. But joinder of Jeff Downey as a plaintiff herein destroys subject matter jurisdiction because subject matter jurisdiction is based upon diversity of citizenship: plaintiff alleges it is a New York citizen and all defendants are California citizens. Jeff Downey, however, like all of the defendants herein, is a citizen of California. When he is joined as a plaintiff (as he should have been in the first instance), a plaintiff and defendants will be citizens of the same state: no diversity of citizenship; no subject matter jurisdiction over this action.

Third, the three Counts asserted in the complaint fail as a matter of law. Count One alleges Mr. Biegler breached a joint venture agreement with plaintiff, but the most basic and essential elements required to establish a joint venture are not pled and do not exist. Counts Two and Three fare no better. Those two Counts seek equitable relief in the form of a permanent injunction preventing Mr. Biegler from selling the Emerald and for the appointment of a permanent receiver to sell the Emerald. The problem here is that plaintiff has no rights or interest in the Emerald – indeed it is unable to even allege it does – and neither does Mr. Biegler. The Emerald is not now, nor has it ever been owned by Mr. Biegler. There is simply nothing equitable about plaintiff's request, especially since his claim is for the payment of a commission – money damages.

Finally, in the event this case is not dismissed, the action should be transferred to California. The one meeting between the parties took place in California, plaintiff claims the "agreement" was executed by Mr. Biegler in California, all of the defendants are from California, all known witnesses are in California, and even Gil Weiss (plaintiff's representative) claims to hail from California. There is simply no connection with the State of New York,

except that Gary Weiss may live here. Accordingly, if this action is not dismissed, it should be transferred to California – a more convenient forum.

## RELEVANT FACTS[2]

Plaintiff alleges that Mr. Biegler is the owner of the Emerald. Complaint ¶ 7. This, however, is not correct: Mr. Biegler is not the owner; B&B Services, Inc. is. Biegler ¶ 4; Exhibit C. Plaintiff then alleges that on July 7th, 2007, plaintiff and Mr. Biegler entered into the "agreement" for the purpose promoting the sale of the Emerald. Complaint, ¶ 8. Plaintiff, however, admits that if Mr. Biegler signed this "agreement" it was signed in California on May 30, 2007. *See* Exhibit D. Jeff Downey is the other named party to the "agreement". *See* Exhibit A to the Complaint. Plaintiff does not claim that this "agreement" granted any rights, title or interest in the Emerald to plaintiff or Jeff Downey, just the possibility of a 10% commission. Plaintiff alleges that Mr. Biegler does not intend to pay plaintiff the 10% commission set forth in the "agreement." Complaint ¶ 11.

Mr. Biegler is not alleged to have transacted business in the State of New York, ever been in the State of New York, or own any property in New York. Biegler ¶¶ 2 and 3. Mr. Biegler does not have any offices in New York, no bank accounts here, telephone number, or mailing addresses in this State. Biegler ¶ 3. The only meeting between plaintiff and Mr. Biegler took place in California. Biegler ¶¶ 9-12. And to the extent there are witnesses pertaining to this action, all the known witnesses are in California: Marco Diaz-Infante and Jeff Downey. Biegler ¶ 9; Exhibit B.

---

[2]     For purposes of this motion only, Mr. Biegler will proceed as if he executed the "agreement," which he did not. Indeed, as detailed in the accompanying declaration of Larry Biegler, dated October 12, 2007 ("Biegler ¶ __"), the signature on the "agreement" is not Mr. Biegler's: someone has forged or transposed his signature onto the "agreement." Biegler ¶ 13. And there can be no claims under a contract with a forged signature – the forgery renders the contract void *ab initio. Orlosky v. Empire Sec. Sys.*, 230 A.D.2d 401, 403, 657 N.Y.S.2d 840, 842 (3d Dep't 1997); *Oberlander v. Fine Care, Inc.*, 108 A.D.2d 798, 799, 485 N.Y.S.2d 313, 314 (2d Dep't 1985)(a forged contract is invalid in its entirety).

On plaintiff's prior application to this Court for the appointment of a temporary receiver, Jeff Downey submitted a declaration in support of plaintiff's enforcement of the "agreement." Exhibit B.

Indeed, the only thing the facts and allegations of the complaint establish is that this action should be dismissed.

## ARGUMENT

### POINT I

### THE COMPLAINT SHOULD BE DISMISSED
### FOR LACK OF PERSONAL JURISDICTION OVER MR. BIEGLER

As previously mentioned in Mr. Biegler's prior filings with this Court, this action is nothing more than an ill-conceived action, cobbled together for the sole purpose of attempting to chill the sale of the Emerald and squeeze a pay-off from defendants. But in its rush to do so, however, plaintiff overlooked the fact that this Court does not have personal jurisdiction over Mr. Biegler – a man who does not transact any business, and has ever been in the State of New York. Biegler ¶ 2.

On a motion to dismiss for lack of personal jurisdiction, under Fed. R. Civ. P. Rule 12(b)(2), the burden is on the plaintiff to establish the basis for jurisdiction. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996), *cert. denied*, 117 S.Ct. 508 (1996). In this regard, a plaintiff must proffer evidence sufficient to demonstrate that: (1) a statutory basis exists that permits the exercise of jurisdiction over a defendant; and (2) such an exercise of jurisdiction comports with due process. *J.L.B. Equities, Inc. v. Ocwen Financial Corporation*, 131 F. Supp.2d 544, 547 (S.D.N.Y. 2001); *Kahn Lucas Lancaster v. Lark Int'l,*

*Ltd.*, 956 F. Supp. 1131, 1134 (S.D.N.Y. 1997). As demonstrated below, plaintiff in this case has not and cannot do either.

Plaintiff alleges subject matter jurisdiction on the basis of diversity of the parties, as such, personal jurisdiction is governed by the laws of the state where the federal district court resides. Fed. R. Civ. P. Rule 4(k); *United States v. First Nat'l City Bank*, 379 U.S. 378, 381-2, 85 S.Ct. 528 (1965); *Arrowsmith v. United Press International*, 320 F.2d 219, 223 (2d Cir. 1963); *J.L.B. Equities, Inc.*, 131 F.Supp.2d at 547. Here, this Court will look to New York Civil Practice Law and Rules ("CPLR") §§ 301 and 302 to determine whether the New York statutory scheme permits the exercise of personal jurisdiction over Mr. Biegler. It does not.

A.    **CPLR § 301 Does Not Confer Personal Jurisdiction Over Mr. Biegler**

New York CPLR § 301 provides that a court may exercise such jurisdiction over persons, property or status as might have been exercised heretofore. Courts have interpreted § 301 to mean that it requires a "continuous and systematic course of 'doing business' in [New York] as to warrant a finding of [defendant's] 'presence' in this jurisdiction." *Simonson v. Int'l Bank*, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 436 (1964). To determine whether a defendant is "doing business" in New York, "New York courts have generally focused on the following indicia of jurisdiction:  the existence of an office in New York; the solicitation of business in New York; the presence of bank accounts and other property in New York; and the presence of employees [of the foreign defendant] in New York." *Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990).

Here, the complaint is devoid of any specific factual allegations to support a finding that Mr. Biegler either is or was doing business in New York. Mr. Biegler is a California citizen who does not transact any business in New York and who has never been to this State. Biegler ¶¶ 2, 3. Further, Mr. Biegler has no offices, telephone listings, bank accounts, or property in New

York. *Id.* There is simply no basis for exercising jurisdiction over Mr. Biegler pursuant to CPLR § 301.

**B.    CPLR § 302 Does Not Confer Personal Jurisdiction Over Mr. Biegler**

Plaintiff also fails to allege, and cannot demonstrate, that the requirements of New York's long-arm statute, CPLR § 302, have been satisfied.  Specifically, plaintiff cannot demonstrate that Mr. Biegler transacted business in New York in connection with the claims in the complaint, or contracted to supply goods or services in New York for that matter. CPLR § 302(a)(1).[3] Thus, any exercise of personal jurisdiction over Mr. Biegler would violate the CPLR.

Under this statute, a court may exercise jurisdiction over "any non-domiciliary . . . who in person or through his agent [t]ransacts any business within the state or contracts anywhere to supply goods or services in the state . . . with respect to claims arising out of such transaction or contract." New York CPLR §302(a)(1).

Here, in nothing more than conclusory fashion, plaintiff appears to attempt to establish personal jurisdiction over Mr. Biegler by alleging that a portion of the "agreement" was performed in this State.  Complaint ¶ 2.  Plaintiff further elaborated on this allegation by explaining to the Court, on October 2, 2007, that the "performance" to which the allegations in paragraph 2 of the Complaint refer was conduct performed by plaintiff – not Mr. Biegler.

> THE COURT:  What portion [of the "agreement"] was to be performed in New York?
>
> MR. GORDON:  That's where the eBay promotion and the other promotional services were performed by *Mr. Weiss*.

---

[3]    Plaintiff, moreover, cannot establish personal jurisdiction over Mr. Biegler pursuant to CPLR § 302(a) (2), (3) or (4). Plaintiff's claims do not assert a tortious act by Mr. Biegler either within New York or outside New York causing damage within New York, and it cannot be disputed that Mr. Biegler does not "own[], use[], or possess[] any real property situated within New York." CPLR § 302(a) (4).

> *He* took all the documents and had everything placed on
> eBay. That's where *his* office is. That's where *he* solicited
> bids. There were over a thousand hits on that particular
> site. There were many calls and inquiries to *his* office, to
> *him* about this emerald, and *they* had a big promotion.

Court Transcript, October 2, 2007, p. 10; line 17-25 (emphasis supplied).

Plaintiff's conduct, however, is irrelevant, as a matter of law, because it is well

established that a plaintiff cannot base personal jurisdiction over a defendant based upon

plaintiff's own conduct. *J. E. T. Advertising Assocs. v. Lawn King, Inc.*, 84 A.D.2d 744, 745, 443

N.Y.S.2d 745, 747 (2d Dep't 1981). In this regard, it is the defendant non-resident's "purposeful

activity [here] . . . in connection with the matter in suit" that is determinative of jurisdiction

under CPLR 302(a)(1)" not plaintiff's. *Longines-Wittnauer Watch Co. v Barnes & Reinecke*, 15

N.Y.2d 443, 457, 209 N.E.2d 68, 261 N.Y.S.2d 8 (1965).

> Plaintiff's urge that there are other factors present here which
> sustain New York jurisdiction. Plaintiffs mistakenly rely on their
> own activities in New York. These acts do not determine the issue.
> The questions turns on what the Defendant did in the forum state.

*Berkshire Capital Group, LLC v. Palmet Venture, LLC*, 2007 WL 2757116 *4 (S.D.N.Y. Sept.

21, 2007)(Crotty, J.)[4]; *see also J.L.B. Equities, Inc.*, 131 F. Supp.2d at 551 ("the exercise of

jurisdiction must be based *on the acts of the defendant*." (emphasis supplied)); *Roper Starch*

*Worldwide, Inc. v. Reymer & Associates, Inc.*, 2 F.Supp.2d 470, 477 (S.D.N.Y. 1998) (plaintiff

cannot "use its own activities on behalf of [defendant] . . . to confer jurisdiction on" defendant);

*International Customs Assocs., Inc. v. Ford Motor Co.*, 893 F. Supp. 1251, 1262 (S.D.N.Y.

1995) ("The appropriate focus of an inquiry under CPLR 302(a)(1) is *on what the*

*non-domiciliary defendant did in New York and not on what the plaintiffs did.*" (emphasis

supplied)).

---

[4]    Copies of all unreported decisions are annexed hereto.

Instead, under CPLR § 302(a)(1) a New York court may exercise personal jurisdiction over a defendant only if the defendant's activities within the state are purposeful and there is a "substantial relationship" between these activities and the cause of action asserted. *McGowan v. Smith*, 52 N.Y.2d 268, 271-272, 437 N.Y.S.2d 643, 644-645 (1981); *National Telephone Directory Consultants, Inc. v. BellSouth Advertising & Publishing Corp.*, 25 F. Supp. 2d 192, 197 (S.D.N.Y. 1998).  Factors typically considered by courts in deciding whether jurisdiction exists include whether the defendant had any physical presence in New York in connection with the transaction from which plaintiff's claim arises; the extent to which any negotiations relating to the transaction took place in New York; whether the contract is to be performed in New York; whether the defendant solicited business in New York relating to the transaction; whether the defendant maintains an office in New York; and whether the business relationship between the parties was developed in New York. *See Pacamor Bearings, Inc. v. Molon Motors & Coil, Inc.*, 102 A.D.2d 355, 356, 477 N.Y.S.2d 856, 857 (3d Dep't 1984); *Faravelli v. Bankers Trust Co.*, 85 A.D.2d 335, 338-339, 447 N.Y.S.2d 962, 964-965 (1st Dep't 1982), *aff'd*, 59 N.Y.2d 615, 463 N.Y.S.2d 194 (1983); *Continental Field Serv. Corp. v. ITEC Int'l.*, 894 F. Supp. 151, 153 (S.D.N.Y. 1995).

Moreover, a "certain quality rather than a specific quantity of contacts with New York must be found." *Premier Lending Services v. J.L.J. Associates,* 924 F. Supp. 13, 15 (S.D.N.Y. 1996).

> [g]enerally telephone, fax and mail between an out-of-state defendant and a New York party in the course of contract negotiations will not confer jurisdiction unless the defendant used communications with New York as a means of projecting himself into the "local commerce."

*Id.*

"[T]he central question [is] whether the defendant has performed purposeful acts in New York in relation to the contract." *Continental Field Serv.*, 894 F. Supp. at 153; *See also Pacamor*

*Bearings*, 102 A.D.2d at 356, 477 N.Y.S.2d at 857 (jurisdiction must be evaluated in light of the "activities of defendant with respect to the specific contract at issue"); *Faravelli*, 85 A.D.2d at 339, 447 N.Y.S.2d at 965.

In this regard, this Court's recent decision in *Berkshire Capital Group, LLC v. Palmet Venture, LLC.*, 2007 WL 2757116 (S.D.N.Y. Sept. 21, 2007)(Crotty, J.) is instructive. There, this Court refused to find personal jurisdiction over a non-domiciliary defendant under circumstances that exceeded the contact Mr. Biegler has with this State. In *Berkshire*, the parties executed a Letter of Intent which the parties agreed would be deemed made in New York and subject to the laws of New York. *Id.* at * 2. Additionally, the plaintiff alleged that there were emails and telephone calls coming from the defendant to the plaintiff in New York. *Id.* In finding personal jurisdiction lacking, this Court found the following factors persuasive in rendering its decision:

> Here, Defendants entered into a single discrete agreement with a New York entity regarding property in Illinois. Defendants did not have a continuous and ongoing relationship with Plaintiffs in New York, and never set foot in New York. If the underlying transaction were to occur, it would have to be in Illinois.

*Id.* * 5.

Here, plaintiff has alleged no specific purposeful acts by Mr. Biegler in New York. Nor can plaintiff make any such assertions: the only meeting regarding this "agreement" occurred in California. Biegler ¶¶ 9-13. Moreover, much like in *Berkshire*, there was no ongoing contractual relationship with plaintiff (Mr. Biegler denies ever having a contract with plaintiff); the "agreement" pertained to the sale of the Emerald (property located in California); Mr. Biegler has never set foot in the State of New York; and any sale of the Emerald would take place in California. Biegler ¶¶ 3, 9, 13.

Indeed, there is a plethora of case law holding that personal jurisdiction did not exist under much more compelling contacts than found in the instant action. *See, e.g., Lichtenstein v.*

*Jewelart, Inc.*, 95 F.R.D. 511 (E.D.N.Y. 1982) (defendant, over a period of one year, mailed 38 purchase orders for special ordered product from its California office to the plaintiff's New York plant and during the same period, telephoned manufacturing instructions to the plaintiff's employees); *Cooperstein v. Pan-Oceanic Marine, Inc.*, 124 A.D.2d 632, 632-633, 507 N.Y.S.2d 893, 894 (2d Dep't 1986) (no personal jurisdiction over Virginia bank that had no offices or representatives in New York, where the New York plaintiff solicited a loan from the bank and bank negotiated with plaintiff via telephone and mail); *Premier Lending Services*, 924 F. Supp. at 13-17 (granting motion to dismiss despite choice of law provision selecting New York law and defendant's phone calls, faxes, mailings and visit to plaintiff's offices in New York); *Faravelli,* 85 A.D.2d, at 339, 447 N.Y.S.2d at 965; *Amigo Foods Corp. v. Marine Midland Bank-New York,* 61 A.D.2d 896, 897, 402 N.Y.S.2d 406, 407-408 (1st Dep't 1978) *aff'd*, 46 N.Y.2d 855, 414 N.Y.S.2d 515 (1979); *China Resource Products(USA) Ltd. v. China Distribs., Inc.*, 1994 WL 440719 (S.D.N.Y. Aug. 16, 1994) ("Although, as China Resource indicates, China Distributors did place telephone calls, send faxes and mail correspondence between Nebraska and New York during the negotiating of the November Agreement, such contacts, regardless of their number, do not subject a non-domiciliary to personal jurisdiction in New York."); *Celton Man Trade, Inc v. UTEX, S.A.*, 1986 WL 6788 (S.D.N.Y. June 12, 1986) at *3 ("A defendant who merely places telephone calls or sends telexes to persons in New York is not thereby subject to personal jurisdiction here."); *Rainbow Indus. Prods. v. Haybuster Mfg., Inc.*, 419 F. Supp. 543, 544-46 (E.D.N.Y. 1976) (rejecting plaintiff's argument that personal jurisdiction arose out of the many phone calls and letters between the parties and the mailing into New York of the particular purchase order being sued upon).

  Plaintiff also attempts to bootstrap personal jurisdiction over Mr. Biegler by claiming the joint venture "agreement" was executed in the State of New York. Complaint, ¶ 2. There is, however, no factual or legal support for this posit either. First, in an email message from Gil Weiss (plaintiff's representative) on September 27, 2007, Gil Weiss directly contradicts this

allegation and claims that the "agreement" was purportedly signed by Mr. Biegler during the lunch meeting on May 30, 2007 *in California*.  *See* Exhibit D.  This is insufficient to confer jurisdiction.

Indeed, in *Aero-Bocker Knitting Mills, Inc. v. Allied Fabrics Corp.*, 54 A.D.2d 647, 387 N.Y.S.2d 635 (1st Dep't 1976), there was no jurisdiction over a non-domiciliary defendant when it signed the contract in issue in another state.  There, the defendant signed the contract in another state, but the contract contained a provision wherein the parties acknowledge that the contract will be deemed to have been made in New York and was to be governed by New York law.  387 N.Y.S.2d at 637.  Here, according to plaintiff's admissions, Mr. Biegler is alleged to have executed the "agreement" in California, without any New York choice of law provision nor an acknowledgment that the "agreement" was made in New York.

Further, to the extent that plaintiff may claim it was the last to sign the "agreement" and it did so in New York and, therefore, this makes the contract "executed" in New York; this, too, is unavailing.  In *Galgay v. Bulletin Co., Inc.*, 504 F.2d 1062 (2d Cir. 1974), the defendants entered into a manufacturing agreement and regularly sent its agents into New York to pick up the product.  When plaintiff sued the defendant for breach, plaintiff based personal jurisdiction on the defendant's agents entering into New York, that the product was f.o.b. New York, there was a New York choice of law provision and that the contract was executed in New York because the plaintiff was the last to sign the agreement.  *Id.* at 1065-6.  In determining that the sum total of these facts was insufficient to confer personal jurisdiction, the Second Circuit specifically held (pertaining to the "execution" of the contract):

> The fact that the formal contract was sent unsigned to Philadelphia, so that the last signature was affixed in New York, is purely

> fortuitous circumstance. Technically, in conflict cases this would
> make New York the place of contract execution. However, if we
> are to determine if this constitutes a purposeful business activity in
> New York, it must be noted that here the execution in New York
> was performed by [plaintiff] and not [defendant]; therefore, it
> cannot be said that the defendant transacted business in New York.

*Id.* at p. 1065

Second, even if the "agreement" was executed in New York by Mr. Biegler – which it

was not – this is still insufficient to establish personal jurisdiction here. In *Presidential Realty*

*Corp., v. Michael Square West, Ltd.*, 44 N.Y.2d 672, 673-4, 376 N.E.2d 198,199, 405 N.Y.S.2d

37, 38 (1978), the New York Court of Appeals held that a defendant's presence in New York to

sign an agreement is insufficient to confer personal jurisdiction over the defendant. Here, we do

not even have Mr. Biegler's presence in New York to sign the "agreement", but merely the

contention that he signed the "agreement" in California – which he denies doing! Exhibit D;

Biegler ¶ 13.

Consequently, there is no basis for exercising personal jurisdiction over Mr. Biegler in

New York.

**C.    The Exercise Of Personal Jurisdiction**
**Over Mr. Biegler Violates His Right To Due Process**

Before personal jurisdiction can be found, a plaintiff must demonstrate some act by

which the defendant purposefully avails himself of the privileges of conducting activities within

the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357

U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Due process requires that the

defendants have certain "minimum contacts" with the forum state such that the maintenance of

the lawsuit "does not offend traditional notions of fair play and substantial justice." *International*

*Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). In particular,

an out-of-state defendant must have engaged in activity purposefully directed toward the forum

state to be subject to its jurisdiction. *See, e.g., Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 108, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987); *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (defendant's contacts with forum state must be such that it should reasonably anticipate being haled into court there); *Murdock v. Arenson International USA, Inc.,* 157 A.D.2d 110, 113-114, 554 N.Y.S.2d 887, 888-889 (1st Dep't 1990) (due process requires, at a minimum, that the defendant have directed some purposeful activity at the forum state and that this contact with the forum be related to plaintiff's cause of action); *Black River Assocs. v. Newman,* 218 A.D.2d 273, 276-278, 637 N.Y.S.2d 880, 882-883 (4th Dep't 1996).

Exercising jurisdiction over Mr. Biegler would offend "traditional notions of fair play and substantial justice" for the same reasons the requirements of New York's long arm statute are not met.  Plaintiff can neither allege nor demonstrate any purposeful acts by Mr. Biegler in New York.

Clearly, Mr. Biegler did not "avail [himself] of the privileges of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. at 253.  Mr. Biegler's only meeting with plaintiff took place in California. Biegler ¶ 9-13.  *See Id.* (quoting *International Shoe Co.,* 326 U.S. at 316); *see also New Hampshire Ins. Co. v. Wellesley Capital Partners, Inc.,* 200 A.D.2d 143, 149, 612 N.Y.S.2d 407, 411 (1st Dep't 1994); *Leney v. Plum Grove Bank,* 670 F.2d 878, 880-881 (10th Cir. 1982) (no minimum contacts where foreign bank's connection to the forum was the issuance to a nonresident of a letter of credit which the bank then mailed into the forum); *T.J. Raney & Sons, Inc. v. Security Savings & Loan Assoc.,* 749 F.2d 523, 525 (8th Cir. 1984) (due process was not satisfied for purposes of acquiring personal jurisdiction over a Kansas business where an Arkansas plaintiff solicited business of the Kansas business and communication was by telephone and wire).

Thus, due process will not permit Mr. Biegler to be haled into court in New York.

### POINT II

### THE COMPLAINT SHOULD BE DISMISSED FOR
### FAILURE TO NAME ALL INDISPENSABLE PARTIES

This action should be dismissed, pursuant to Fed. R. Civ. P. Rule 12(b)(7), for failure to join a party under Fed. R. Civ. P. Rule 19(b). Under Rule 19, failure to name an indispensable party warrants dismissal of an action. *Sty-Lite Co. v. Eminent Sportswear, Inc.,* 115 F.Supp.2d 394 (S.D.N.Y. 2000). The test under this Rule is two-fold: first, the missing party must be found to be a necessary party, but whose joinder would destroy subject matter jurisdiction; second, if in good conscience and equity the action should be allowed to proceed without the necessary party – making the missing party indispensable. Fed.R.Civ.P. Rule 19(6). In applying this test, this Court should dismiss the action for plaintiff's failure to join Jeff Downey.

Here, plaintiff's entire claim is based upon a purported breach of a broker "agreement." The parties to the "agreement" upon which plaintiff sues are: Larry Biegler; Jewelry 47, Inc.; and Jeff Downey. Jeff Downey is a necessary party herein because "[i]t is well-established that a party to a contract which is the subject of the litigation is considered a necessary party." *Ryan v. Volpone Stamp Co.*, 107 F.Supp.2d 369, 387 (S.D.N.Y. 2000); *Global Discount Travel Servs., LLC v. Trans World Airlines, Inc.*, 960 F.Supp. 701, 707-08 (S.D.N.Y. 1997).

Next, the second prong of the test requires a determination whether good conscience and equity dictate this action should proceed or be dismissed in the absence of the necessary party. Here, equity and good conscience instruct that the case should be dismissed. In this regard, Rule 19(b) provides certain factors for a court to consider when making this determination: to what extent a judgment rendered in necessary party's absence is prejudicial to necessary party or to

named parties; extent to which prejudice can be lessened or avoided; will a judgment rendered

without the necessary party be adequate; and whether plaintiff have adequate remedy if action is

dismissed. *Id.* These factors militate in favor of dismissal of this action.

First, Mr. Biegler will be prejudiced to the extent that he is exposed to a multiplicity of

suits and/or inconsistent obligations – Jeff Downey is not bound by any decisions rendered

herein. Plus, any judgment requiring Mr. Biegler to pay a 10% commission to plaintiff, could

expose Mr. Biegler to possible double payment as plaintiff is to split the money with Jeff

Downey and if plaintiff absconds with the entire commission or becomes judgment proof, Jeff

Downey may look, once again, to Mr. Biegler.

> A defendant's interest in avoiding multiple litigation is a specific
> concern identified by the United States Supreme Court as
> justifying the classification of a party as indispensible. *See
> Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 UIS.
> 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968).

*Sty-Lite Co. v. Eminent Sportswear, Inc.*, 115 F.Supp.2d 394, 400 (S.D.N.Y. 2000).

Next, this prejudice cannot be lessened – Jeff Downey is not a party hereto and is not

bound by any decisions rendered by this Court. Finally, plaintiff has an adequate remedy if this

action is dismissed. Mr. Biegler resides in California and is subject to the jurisdiction there: so

are the other defendants; so is Jeff Downey; so are witnesses; so is the Emerald.

Moreover, principles of equity foreclose allowing plaintiff to proceed in this forum. Jeff

Downey has already demonstrated that he wants to be active in this litigation's efforts to enforce

the "agreement" and that he is willing to subject himself to the jurisdiction of this Court. Exhibit

B. But there is no mention in the complaint of Jeff Downey, or of his interests, nor does the

complaint contain any explanation why Jeff Downey was not joined as a plaintiff herein, as required by Fed. R. Civ. P. Rule 19(c) – yet another pleading failure by plaintiff.

But the question remains: why was Jeff Downey not originally named as a plaintiff herein? Is the answer that plaintiff engaged in forum shopping – looking for the most convenient forum for itself, instead of the proper forum to hear its claims? If plaintiff had originally joined Jeff Downey as a plaintiff herein, this action could not have been brought in this forum. Indeed, by not naming him, plaintiff was able to jerry-rig subject matter jurisdiction in order to force Mr. Biegler to defend himself in the State of New York – a State in which he has never been – instead of in a proper forum like California. Similar to the false Press Release disseminated by plaintiffs counsel in this action, the machinations to which plaintiff has stooped in order to manipulate and "game" the judicial system should not be condoned.

Accordingly, this action should be dismissed.

### POINT III

### THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION

The Court should grant a motion to dismiss brought under Fed. R. Civ. P. Rule 12(b)(6) when "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Tufano v. One Toms Point Lane Corp.*, 64 F.Supp.2d 119, 122-23 (E.D.N.Y. 1999) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50, 109 S. Ct. 2893, 2906 (1989)). To apply such standard, the Court must "' read the facts alleged in the complaint in the light most favorable' to the plaintiff, and accept these allegations as true." *Id.* To survive a motion to dismiss "a complaint 'must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal

theory.'" *Communications Opportunity, Inc. v. Davis*, 1998 WL 240527 (E.D.N.Y. April 28, 1998) at *1

In connection with a motion to dismiss, only well-plead factual allegations are accepted as true. In examining a pleading, a court is not obliged to accept as true conclusory allegations and bald assertions of fact. *See Leeds v. Meltz*, 85 F.3d 51, 52 (2d Cir. 1996); *L'Europeenne de Banque v. La Republica de Venezuela*, 700 F. Supp. 114, 122 (S.D.N.Y. 1988) ("legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness."). Here, plaintiff claims to have asserted three claims: Count 1 – breach of a Joint Venture Agreement; Count 2 – permanent injunction to prevent the sale of the Emerald; and Count 3 – appointment of a permanent receiver to sell the Emerald. The complaint, however, is not well-pled, fails to state a cause of action upon with relief may be granted, and should be dismissed.

A. **Count 1 Fails To Plead A Joint Venture Agreement**

Plaintiff's allegations of a breach of joint venture agreement (Count 1) fail on the most basic of levels. To plead the existence of a joint venture under New York law, plaintiff must allege: (1) two or more persons entered into a specific agreement to carry on an enterprise for profit; (2) that agreement must evidence the parties' intent to be joint venturers; (3) that each party must make a contribution of property, financing, skill, knowledge, or effort; (4) that each must have some degree of joint control over the venture; and (5) that there must be a provision for the sharing of both profits and losses. *Dinaco, Inc. v. Time Warner, Inc.*, 346 F.3d 64, 67-68 (2d Cir. 2003) (quoting *Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd.*, 909 F.2d 698, 701 (2d Cir. 1990)); *see also 580 Folsom Associates v. Prometheus Development Co.*, 223 Cal.App.3d 1, 15, 272 Cal.Rptr. 227 (1990)(under California law a joint venture must have (1) a

joint interest in a common business, (2) an understanding that profits and losses will be shared, and (3) a right to joint control).

Here, plaintiff fails to plead that the "joint venture agreement" contains a provision for the sharing of the profits and losses. *In re Parmalat Securities Litigation*, 501 F.Supp.2d 560, 590 (S.D.N.Y. 2007) (one of the essential features of a joint venture is an agreement among the parties to share profits and losses from the undertaking); *Connor v. Great Western Sav. & Loan Assn.,* 69 Cal.2d 850, 863, 73 Cal.Rptr. 369, 447 P.2d 609 (1968). In fact, the "agreement" itself precludes plaintiff from making any such allegation. Moreover, the "agreement" is so one sided that there is absolutely no downside for plaintiff – every expense plaintiff might incur is to be born by Mr. Biegler. This, alone, precludes the existence of a joint venture agreement.

Further, there is nothing in the "agreement" that evidences the parties' intent to be joint venturers – the "agreement" is completely devoid of any such indication. Again, plaintiff is unable to even make such an allegation in its complaint.

Consequently, Count 1 fails to state a cause of action for a breach of a joint venture agreement.

**B.     Counts 2 and 3 Are Without Merit**

Counts 2 and 3 seek equitable relief for a permanent injunction preventing defendants from selling the Emerald without plaintiff's consent and for the appointment of a permanent receiver to sell the Emerald. These two Counts fail for several reasons. First, the Emerald is not in New York and Mr. Biegler is not the owner of the Emerald – never has been. *See* Biegler ¶ 12; Exhibit C. Moreover, plaintiff does not have any rights, title or interest in the Emerald itself – it makes no allegations to have any such rights, nor can the "agreement" be contorted to grant

any such rights. And, as a general rule, receivers may only be appointed when the party seeking receivership has some "legally recognized right in [the] property [he wishes to seize] that amounts to more than a mere claim against defendant." 12 C. Wright & A. Miller, Federal Practice and Procedure, §§ 2983, at 17 (1973).

Next, both counts fail because the only thing plaintiff seeks is the payment of its purported "commission." And while the complaint alleges that it has no adequate remedy at law for either Count, the only purpose of the permanent injunction and the appointment of a receiver is so plaintiff can get its $7.5 million "commission" paid directly to it. Money damages is an adequate remedy at law and these two counts fail. *See Meurer v. Meurer*, 21 A.D.2d 778, 250 N.Y.S.2d 817 (1st Dep't 1964) ; *Rosen v. Braun*, 2 A.D.2d 654, 152 N.Y.S.2d 247 (4th Dep't 1956) ; *Fisher v. Meyerowitz*, 31 Misc. 2d 624, 220 N.Y.S.2d 920 (Sup 1961); *Ivey v. Housing Foundation of America, Inc.*, 73 F. Supp. 201, 205 (D. Pa. 1947)(an unsecured simple contract creditor has, in the absence of statute, no substantive right, legal or equitable, in or to the property of his debtor); *Mid-Delta Health Systems, Inc. v. Professional Trends, Inc.*, 2007 WL 2350265 * 2, (W.D.La., 2007)("'a receiver ordinarily will not be appointed at the insistence of a simple contract creditor, even if he demonstrates the inadequacy of his remedy at law...'" (quoting 12 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2983).

### POINT IV

### THIS CASE MUST EITHER BE DISMISSED OR TRANSFERRED TO THE SOUTHERN DISTRICT OF CALIFORNIA BECAUSE VENUE IN THE SOUTHERN DISTRICT OF NEW YORK IS IMPROPER, INCONVENIENT AND UNJUST

Even where venue technically is proper, "[f]or the convenience of parties and witnesses [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. §1404(a). "It is well established that motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis." *Totonelly v. Cardiology Associates of*

*Corpus Christi, Inc.*, 932 F. Supp. 621, 622 (S.D.N.Y. 1996)(quoting *In re Cuyahoga Equip. Coro.*, 980 F.2d 110, 117 (2d Cir. 1992)).

In making its determination, the Court must balance several factors: "the place where the operative facts occurred, the convenience to the parties and witnesses, plaintiff's choice of forum, the relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, and the interest of justice." *Id.* at 622-23. "The core determination . . . is the center of gravity of the litigation, a key test of which is the convenience of the witnesses. Courts routinely transfer cases where the principal events occurred, and the principal witnesses are located in another district." *Id.* at 623. Indeed, a plaintiff's choice of forum is "accorded less weight to the degree that the case's operative facts have little or no connection with the transferor forum." *Id.*

First and foremost, in this case all of the "events at issue" took place in California. Consequently, plaintiff's choice of forum merits "less weight." *Id.* The one meeting between a representative of plaintiff and Mr. Biegler took place in California; all defendants are in California; non-party witnesses are in California; the Emerald is located in California; and even Gil Weiss (plaintiff's representative) claims to be from California. *See* Biegler Decl. ¶¶ 9-13; Exhibits B and C. It is clear, therefore, that the "center of gravity" of this litigation is California. As a result, this case must be dismissed or transferred to the California.

## CONCLUSION

The instant application should be granted in its entirety.

Dated:   New York, New York
         October 16, 2007

         **REED SMITH LLP**

         By: _____
               Scott S. McKessy (SM-5479)
         599 Lexington Avenue
         New York, New York 10022
         (212) 521-5400

         *Attorneys for Defendant*
         Larry Biegler