

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1998 WL 240527 (E.D.N.Y.)
(Cite as: 1998 WL 240527 (E.D.N.Y.))

Only the Westlaw citation is currently available.

United States District Court, E.D. New York.
COMMUNICATION OPPORTUNITY, INC.,
Plaintiff,
v.
Harry H. DAVIS and Club International Marketing, L.L.C., Defendants.
No. 97 CV 3604(NG).

April 28, 1998.

Solomon E. Antar, Esq., Brooklyn, for the Plaintiff.

Arthur A. Chelenski, Esq., McKenzie Smith Lewis Michek & Hughes, LLP, Syracuse, for the Defendant.

MEMORANDUM AND ORDER

GERSHON, District J.

*1 Presently before the court is the defendants' motion to dismiss the complaint in this action pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). For the reasons stated below, this motion is granted.

THE COMPLAINT
This is an action involving allegations of fraud. Federal jurisdiction is predicated upon the Racketeer Influenced and Corrupt Organizations Act, ("RICO"), 18 U.S.C. §§ 1861 et seq. In addition to its claim under RICO, the plaintiff also asserts a common law fraud claim.

The plaintiff, Communication Opportunity, Inc. ("COI"), and the corporate defendant, Club International Marketing, Inc. ("CIM"), are both New York corporations. ¶¶ 3, 5. [FN1] Harry Davis, also a New York resident, is alleged to fully control all aspects of CIM's operations. ¶¶ 4, 6.

FN1. References to "¶ __" are to paragraphs of the Amended Complaint, dated August 30, 1997.

The complaint alleges a RICO conspiracy on the part of an enterprise engaged in the sale of pre-paid telephone calling cards. Commencing in April 1996, COI alleges that it purchased approximately $250 thousand worth of pre-paid telephone time from CIM in the form of calling cards, with the intention of selling this time to third parties. ¶ 11. However, COI alleges, in selling the pre-paid calling time, CIM "furnished the plaintiff with its corresponding tariff rates for such pre-paid telephone time which they intentionally knew to be false and fraudulent, and/or which was specifically intended and utilized by them as a means of obtaining payment for something that they knew that they were unable to furnish or would not furnish." ¶ 12. The result, apparently, was that the calling cards could not be used to obtain telephone service.

DISCUSSION
A complaint should not be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) unless it appears that it sets forth no factual basis upon which the plaintiff would be entitled to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In other words, in order to avoid dismissal, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory." *Cohen v. Litt,* 906 F.Supp. 957, 962 (S.D.N.Y.1995) (quotation omitted; emphasis in original). Although this is not an arduous standard, the complaint falls well short of meeting it.

A. The RICO Claim.

To state a claim under RICO, a plaintiff must plead that the defendant violated the statute and that the

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.                                                                                      Page 2

Not Reported in F.Supp., 1998 WL 240527 (E.D.N.Y.)

**(Cite as: 1998 WL 240527 (E.D.N.Y.))**

plaintiff suffered injury as a result of such violation. 18 U.S.C. § 1964(c). Our Court of Appeals has directed that to satisfy the first prong of this statutory scheme, a plaintiff must allege

> that a defendant, "employed by or associated with" an enterprise affecting interstate or foreign commerce, conducted or participated in the conduct of this enterprise's affairs "through a pattern of racketeering activity.

*S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corp.,* 84 F.3d 629, 633 (2d Cir.1996) (citing *Moss v. Morgan Stanley Inc.,* 719 F.2d 5, 17 (2d Cir.1983), *cert. denied,* 465 U.S. 1025, 104 S.Ct. 1280, 79 L.Ed.2d 684 (1984)). *See generally* 5 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1251.1 (1990).

*2 The complaint fails to allege an "enterprise" for the purposes of RICO. 18 U.S.C. § 1962(c). COM alleges the existence of an enterprise consisting of CIM and its principal, Davis. However, this fails as a matter of law to fulfill the "distinctness" requirement of Section 1962(c) to the effect that there must be a separate "person" who conducts the affairs of the "enterprise." That is, "by alleging a RICO enterprise that consists merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant, the distinctness requirement may not be circumvented." *Riverwoods Chappaqua Corp. v. Marine Midland Bank, N.A.,* 30 F.3d 339, 344 (2d Cir.1994); *see also Protter v. Nathan's Famous Systems, Inc.,* 925 F.Supp. 947, 956 (E.D.N.Y.1996) (RICO claim dismissed because "the defendant employees and the defendant corporation do not form an enterprise separate and distinct from the corporation"). COM's reclusive on *Colony at Holbrook, Inc. v. Strata G.C., Inc.,* 928 F.Supp. 1224 (E.D.N.Y.1996), is to no avail. That case simply asserts the uncontroversial proposition that "a defendant may be both a RICO 'person' and one of several members of a RICO 'enterprise.' " 928 F.Supp. at 1235. It in no way questions the equally uncontroversial proposition that a corporation and it agent may not alone constitute an enterprise.

The complaint also fails to meet the "pattern" requirement of RICO, 18 U.S.C. § 1962(b), in that it does not demonstrate continuity on the part of the alleged enterprise. Continuity may be shown by alleging that the enterprise engaged in either

> an "open-ended" pattern of racketeering activity (i.e., past criminal conduct coupled with a threat of future criminal conduct) or a "closed-ended" pattern of racketeering activity (i.e., past criminal conduct existing over a substantial period of time.

*GICC Capital Corp. v. Technology Finance Grp.,* 67 F.3d 463, 466 (2d Cir.1995), *cert. denied,* 518 U.S. 1017, 116 S.Ct. 2547, 135 L.Ed.2d 1067 (1996). The defendants assert that continuity cannot be demonstrated here because 1) the complaint alleges three, or perhaps four, predicate offenses taking place over the course of less than two weeks and this is insufficient to establish a close-ended pattern and 2) the complaint sets forth no facts alleging the possibility of continuing racketeering activity, thereby precluding the possibility of an open-ended conspiracy.

COM makes no serious effort to allege the existence of a closed-ended pattern. It does, however, assert that an open-ended pattern exists because the defendants have similarly defrauded entities besides COM. These entities, however, are not even mentioned in the complaint, and the claim that they have been defrauded by the defendants appears only in an affidavit of COM's president, which cannot be considered on this motion. Thus, COM has failed to adequately allege a pattern for the purposes of RICO and, along with its failure to adequately allege the existence of an enterprise, this warrants the dismissal of its claim under RICO. [FN2] Having dismissed the RICO claim, the sole basis of federal jurisdiction (the parties all being New York residents), I also decline to exercise jurisdiction over COM's common law fraud claim.

> FN2. As stated above, the defendants also move to dismiss for failure to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). COM makes no effort to demonstrate that the complaint is satisfactory under the Rule. I agree with the defendants that the complaint fails to adequately set forth the time, place, speaker and especially the content of the

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.                                                                                                    Page 3
Not Reported in F.Supp., 1998 WL 240527 (E.D.N.Y.)

**(Cite as: 1998 WL 240527 (E.D.N.Y.))**

misrepresentations charged against the defendants, *Ouaknine v. MacFarlane,* 897 F.2d 75, 79 (2d Cir.1990), and therefore hold that the complaint should be dismissed on this ground as well.

B. Leave to Replead.

*3 Federal Rule of Civil Procedure 15(a) directs that leave to amend should be "freely given." However, particularly in the case of pleading a claim under a statute such as RICO, which sets forth exacting pleading requirements, leave to replead can be denied where granting it would be futile. *See, e.g., In re American Express Co. Shareholders Litig.,* 39 F.3d 395, 402 (2d Cir.1994) (affirming district court's denial of leave to replead RICO claim where "(a)ppelants have not indicated how they could satisfy RICO's proximate cause requirement"). I find that futility is present here. Specifically, COM cannot hope to meet the enterprise requirement of RICO because, as its counsel acknowledged at oral argument, there are no facts that could lead to the linking of any other individual or entity besides Davis and CIM to the alleged fraud. Leave to replead is therefore denied.

CONCLUSION

The defendants' motion to dismiss the complaint is GRANTED.

SO ORDERED.

Not Reported in F.Supp., 1998 WL 240527 (E.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. US Gov. Works.