**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| **JEWELRY 47, INC.,** | 07 CIV 8272 |
| Plaintiff, | |
| | **AFFIRMATION IN** |
| **LARRY BIEGLER, ELOHIM FINANCIAL** | **OPPOSITION** |
| and **DIONNE TILLMAN,** | |
| Defendant. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER S. GORDON, an attorney admitted to practice in the United States District Court for the Southern District of New York, under penalties of perjury, under penalties of perjury, respectfully affirms, as follows:

1. That I am the attorney for plaintiff, and respectfully submit this affirmation in opposition to the motion of defendant BIEGLER to either dismiss this action, for lack of diversity jurisdiction, for failure to allegedly join an indispensable party as a plaintiff, as if there is legal process to compel a party who does not wish to sue to do so (if Mr. Biegler feels that Jeff Downey is an indispensable party, his remedy is to move to join him as a defendant, not to somehow compel him to be a plaintiff)  or in the alternative, to change venue to the Southern District of California, for convenience of  witnesses,  despite the fact that the performance of the contract was intended to be solely in New York and the witnesses whose convenience Mr. Biegler claims would be served by a change of

venue to California, have submitted affirmations to the contrary, that New York is, in fact, the *forum of convenience* and in support of plaintiff's cross motion to appoint a receiver to take possession of the Bahia Emerald, pending determination of this action.

    2. Defendant BIEGLER denies that this Court has personal jurisdiction over him for diversity purposes, simply because he resides in California, overlooking CPLR 302, which affords New York Courts with jurisdiction over foreign state residents, where the contract is to be performed in New York.  Plaintiff is a distributor of jewelry and was sought out by defendant's associate, Jeff Downey, to arrange for a sale of the Bahia Emerald, reputed to be the largest such gem in the world.  Mr. Downey cold solicited plaintiff based upon its reputation and expertise for distribution of precious jewels All of the promotion to sell this product was to be performed in New York, including preparation of promotional material and arrangements for a proper website on E-Bay.  Under New York law, this would be sufficient to vest New York Courts with subject matter jurisdiction, given that performance was to occur in New York, aside from the execution of the contract in New York.

    3. Defendant BIEGLER while claiming that his signature on the agreement is a forgery, nevertheless claims it was signed in California.  It would seem he would be estopped from making such claim, while simultaneously

claiming he never signed the document. Courts should not be toyed with. Nevertheless, his mere signature on the contract would not divest New York courts of jurisdiction, where performance of the contract was intended in New York.

    4. Defendant BIEGLER makes the nonsensical contention, that an indispensable party has not been included in this lawsuit, by the failure to name Jeff Downey as a party *plaintiff.* Had plaintiff elected to join Downey as an indispensable party, he would have had to be joined as a party defendant, which would not have impaired diversity jurisdiction. No one has a right, Constitutional or otherwise, to be sued, nor an obligation to bring on a lawsuit and if Jeff Downey has not elected to sue defendant BIEGLER, the latter has no remedy to compel such lawsuit. On the other hand, if defendant BIEGLER feels that JEFF DOWNEY is an indispensable party, his remedy is to move to join him as a third party defendant or to implead him, on whatever he might be his theory. The only role of Jeff Downey was to locate a distributor for Biegler, which he did. He had no role in the performance of the contract. In any event, how can plaintiff corporation, compel Downey to retain counsel and commence a lawsuit? An indispensable party, if Downey be one, can only be joined as a defendant, which Biegler has the same standing as plaintiff, to move to join him. The remedy for nonjoinder is not to dismiss, but to join the indispensable party.

    5. BIEGLER next contends that he is not the proper defendant ,claiming

that he is not the owner of the emerald.  If discovery should bear out the contention of BIEGLER, that he is not the owner of the jewel, he would still be liable for entering into an agreement that required the sale of the Bahia Emerald, without owning it and plaintiff would at that time, have the remedy of moving to amend the complaint, to include a claim for fraud, with the consequence of exposure for Biegler for punitive damages.  In short, counsel for BIEGLER makes the silly contention that if his client defrauded plaintiff by signing a contract for the sale of the Bahia Emerald, when he did not own it, that BIEGLER should be rewarded for fraud, by having the case dismissed.

      6. Counsel for BEIGLER offers a five line claim that the convenience of witnesses would suggest that venue be changed to California.  Annexed are affirmations of the two witnesses GIL WEISS and JEFF DOWNEY, that their convenience will be served by a trial in New York.  His claim that the convenience of the codefendants ELOHIM FINANCIAL and TILLMAN would be served by a change of venue to California, overlooks the fact that they are in default.  On the 2nd day of October, 2007, Elohim Financial and Dione Tillman sort of appeared by Jules Martin Hass, Esq. , who claimed he had not be retained and knew very little about the case.  This Court alerted Mr. Hass that either he or other counsel should make an appearance.  Apparently, the codefendants have elected to default in this matter, since neither have appeared by counsel, nor have answered the complaint

nor moved against it.  Moreover, if the codefendants find the forum to be inconvenient, it is up to them, not Mr. Biegler to move against it. This contract was to have been performed in New York, not California.  The party to perform the contract was Gary Weiss, the CEO of plaintiff and it was to be performed in New York, where all of the promotion was to be done.  The forum of convenience is New York, not California.

    7.  Finally, the issue of forgery should be put to rest.  It is a very dangerous strategy that Mr. Biegler has chosen to pursue, given the overwhelming evidence that he did, in fact, sign the contract.  Annexed is an affirmation of a handwriting expert, attesting to the fact that the handwriting on the agreement is that of Mr. Biegler, by comparing it with many samples including certified copies of three notarized deeds containing his signature.  Annexed is the affirmation of Gil Weiss, who witnessed the signature of Mr. Biegler on the contract and the affirmation of Jeff Downey who identified the signature of Mr. Biegler as one that he is familiar with.  Although the signature of Biegler on his affidavit in support of his motion herein, appears different, that does not mean that the contract signature is not his.  It is more reasonable to infer that perhaps, someone else signed the affirmation or he disguised his handwriting.  It is, also significant that he did not originally deny his signature, but rather tried to unilaterally modify the agreement, by having his assistant, Marco Diaz-Infante, send an e-mail, a copy of which is annexed,

claiming that that Mr. Biegler would not pay commission unless a buyer were willing to pay $25,000,000 or more for the jewel. This was after plaintiff produced defendant Tillman as a buyer for $19,000,000. Biegler then sought to cut Gary Weiss out, by dealing directly with Tillman. Biegler does not deny that it was Gary Weiss who produced Tillman as a customer and Tillman e-mailed Gary Weiss, wondering whether he had authority to sell the jewel, authority that Biegler only challenged, after a purchaser was produced. The claim by Biegler that the signature is not his is no less than perjury. It is an afterthought to try to get out of paying a commission, to which he agreed. How would plaintiff ever know that Mr. Biegler was in the market to sell the Bahia Emerald, had not Mr. Biegler arranged to cold solicit him to do so? It must be stressed that it is undisputed that plaintiff is the only party that arranged for the advertising of the jewel that Mr. Biegler admits he was in the market to sell. The strategy of Mr. Biegler is to try to avoid paying a commission to which he had agreed.

    8. It is strongly urged that this Court should appoint a temporary receiver of the jewel, lest defendant sell the emerald during the pendency of this litigation, despite the interest of plaintiff in the product. Were this real estate, rather than personal property, plaintiff could protect its interests by filing a ***lis pendens.*** The appointment of a receiver will not prejudice Mr. Biegler in any respect, since it will not prevent him from selling the jewel, but will merely assure against his

stealing the money due to plaintiff for its compensation.  Indeed, Mr. Biegler could even go through with the sale to defendant Tillman, who was produced by plaintiff, under the supervision of the temporary receiver, who will take possession of the proceeds, until the Court resolves the issue.  It is difficult to understand how such appointment of a receiver could prejudice Mr. Biegler, unless he is out for mischief.

WHEREFORE, plaintiff prays that the motion of defendant BIEGLER be denied in all respects and the cross-motion of plaintiff pursuant to Rule 65 of the Federal Rules of Civil Procedure to appoint a temporary receiver be granted and for such other and further relief as to this Court may be deemed just and proper.

Dated: Forest Hills, New York,
October 30, 2007


_____/s/_____
PETER S. GORDON (0068 PSG)
GORDON & GORDON, P.C.
Attorneys for Plaintiff
108-18 Queens Blvd
Forest Hills NY 11375
(718) 544 -7070