UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEWELRY 47, INC.,                                **CIVIL ACTION NO.  07-CIV-82729(PAC)**

                              Plaintiffs          **AFFIRMATION OF**
                                                  **JEFF DOWNEY**

         -against-


LARRY BIEGLER and ELOHIM FINANCIAL
AND DIONE TILLMAN,

                         Defendants


JEFF DOWNEY duly affirms the following under penalties of perjury:


1.      I am making this Affirmation to authenticate the samples of signature of Larry

        Biegler that I had forwarded to Mr. Gordon.

The following attachments are copies of the samples forwarded:

        A.      A handwritten note from Mr. Biegler permitting me to put a satellite dish on

                the roof, dated March 11, 2007, the original having been provided to Mr.

                Gordon.

        B.      Monthly rental agreement between myself and Mr. Biegler dated March 11,

                2007 a copy of which was provided.

        C.      Disclosure Agreement regarding Real Estate Agency relationship, "Original"

                having been provided to Mr. Gordon.

        D.      Sales Agreement dated March 12, 2007 (copy)

        E.      Pacific Auction Exchange Seller's Agreement; original, provided to Mr.

1

Gordon.

2.   I witnessed Mr. Biegler's execution of theses documents, which have been provided to Mr. Gordon.

3.   I am available, upon reasonable notice, to testify in this Court and the Southern District of New York is a convenient forum.

4.   I did contact Jewelry 47, Inc. and Gary Weiss on behalf of Larry Biegler in order to arrange for the sale of the Emerald. Because of the fine reputation of Jewelry 47 on E-Bay, I sought them out, to find a buyer. When a customer was obtained in September 2007, Larry Biegler attempted to avoid paying the agreed upon commission and to deal directly with the customer, which gave rise to this lawsuit.

5.   Mr. Biegler had his assistant e-mail a message that he would only pay commission on a sale in excess of $25,000,000.00 in violation of the written agreement.

Dated: October 26, 2007
       Paradise, California

_____
JEFF DOWNEY

2

3/11/07

OK To Put in
Disk   5202244

for BO

876-0753

*3290  2322003 A2*

*Larry Biegler*

*8779962*
*8202244*    *PoBox 2041*

## MONTHLY RENTAL AGREEMENT

TENANT  *Jeffrey Downey  Cheryl Downey*                    PHONE NO. _____

PRESENT ADDRESS _____

EMPLOYER _____    POSITION _____

EMPLOYER'S ADDRESS _____    PHONE NO. _____

    1. **PARTIES:** This agreement is made between _____
Lessor, and *Jeffrey Downey  Cheryl Downey* _____, Lessee. *Larry Biegler*

    2. **DESCRIPTION OF PREMISES:** Lessor leases to Lessee, and Lessee leases from Lessor
Unit No. ___, located at *1022 Pleasant Ln* and the furnishings therein
The Unit is furnished/unfurnished and consists of ___ rooms, including *3 Bed*
_____ and *2* baths.

    3. **TERM:** The premises is leased on a month to month basis with the rent beginning
on the *10* day of *3* , 19*2007* and monthly thereafter until this agreement is
terminated as provided herein. Lessee agrees to give Lessor 30 days notice of intent to move
in writing.
    4. **RENT:** Lessee agrees to pay as said rental of said premises the sum of $ *1200ºº*
per month. All rents are prorated to the 1st of the month and shall be due the 1st of
each month. All rents shall be due and payable in advance on the 1st of each month.
Discount of $1200 if paid by the 3rd of the month. A Late Charge of $10% after the 10th
    5. **OCCUPANCY:** The premises is leased as a *Home* dwelling to Lessee
consisting of *2* adults. *2 Kid* and is not to be used for
any other purpose whatsoever, without first obtaining Lessor's written consent to such
use.  ( *No Pet* )

    6. **UTILITIES:** The Lessor shall pay for all water/garbage/gas/electricity.
The Lessee shall pay for all water/garbage/gas/electricity/cable TV, and such utilities
are the responsibility and at the expense of the Lessee.

    7. **CLEANING AND PERFORMANCE FEE:** Lessee agrees to pay upon execution of this lease
a deposit of $ *1200ºº* for performance and/or to assure the cleaning of the premises,
equipment, and appliances and repair of any damages. The fee shall be refunded provided
Lessee has been left in the same or better condition as when let to the lessee.

It is understood that the below named Residents are jointly and severally responsible
for the terms of this Agreement and that the cleaning and performance fee money will
remain totally on deposit until such time as the last Resident signer to this Agreement
vacates. Any refund of a part of the deposit to a single vacating Resident is to be the
responsibility of the remaining Residents. The departing Resident agrees to assign all
interest in the deposit to the last remaining Residents. In the absence of written
instructions to the contrary, it will be agreed that the last remaining Residents to
vacate are the owners of the monies on deposit. Deposit MAY NOT be used as last month's
rent. (A deposit of $5.00 for each of *2* premises keys is included in the fee and will
be refunded when the keys are turned in.)

    8. **FURNISHINGS:** The premises as leased contains items of household furniture and
other *NA* items, all of which have been heretofore shown to Lessee and as more
specifically itemized in Exhibit "A" as attached hereto and incorporated herein.
Lessee agrees to return all of said items to Lessor at the end of the term of this lease
in as good condition as when they were received, reasonable wear and tear excepted.
Lessee shall notify Lessor in writing within 24 hours of occupancy the fact of any damage
blemished or repairable needs of the premises which were there when the Lessee first
took occupancy. Lessor does not agree to repair such damages, but will not hold Lessee

12.   NO WASTE, NUISANCE OR UNLAWFUL USE: Lessee agrees that he will not commit waste on the premises, or maintain or permit to be maintained a nuisance thereon, or use or permit the premises to be used in an unlawful manner, or use any electrical equipment, radio, stereo, hi-fi or television set before 8 A.M. or after 10 P.M., loud enough to be heard.

13.   LESSOR'S RIGHT TO TERMINATE FOR BREACH OF LEASE: Lessor may at his option terminate this lease without or with cause or breach by Lessee of any term, condition or covenant hereof, on giving seven (7) days' written notice of such termination to Lessee pursuant to Section 1162 of the Civil Code of Procedure.

14.   WAIVER OF ONE BREACH NOT WAIVER OF OTHERS: Waiver by Lessor of a breach of this lease is not a waiver of others, or of subsequent breach of the same type.

15.   ASSIGNMENT OR SUBLEASE: Lessee shall not attempt to nor assign or sublease this lease, or any part of his interest thereof, without prior written consent of Lessor. Lessor reserves the right to assign his interest in this lease, and any sums received thereunder, on sale or release of the building.

16.   ATTORNEY'S FEES: If a party to this lease should prevail in any legal action brought to enforce it or for its breach, the parties agree that such prevailing party may recover as part of the judgement reasonable attorney's fees.

17.   LESSOR'S NON-LIABILITY FOR LOSS OR INJURY ON LEASED PREMISES: The parties agree that Lessor shall not be responsible for loss or injury received on the leased premises, and Lessee agrees to hold Lessor harmless and indemnify it for any loss or injury suffered thereon. The parties further agree that Lessor shall not be responsible or liable for loss of, or damage to, any article belonging to Lessee.

18.   LESSEE'S HOLDING OVER: The parties agree that any holding over by Lessee under this lease, without Lessor's written consent, shall be a tenancy at will, which may be terminated by Lessor on seven (7) days' notice in writing thereof.

19.   Tenant shall advise Owner immediately of any change in home or mailing address and phone number.

20.   REDECORATING OR ALTERATIONS WITHOUT LESSOR'S CONSENT:  Lessee shall not make alterations to the premises leased, or redecorate it in any way that would make alterations, or repaint the walls or woodwork, without first obtaining Lessor's written consent thereto.

21.   CALIFORNIA LAW TO GOVERN DISPUTES: The parties agree that the law of the State of California will govern all disputes under this lease, and determine all rights thereunder.

22.   LEASE APPLICABLE TO SUCCESSORS AND ASSIGNS; This lease shall inure to and be binding on the heirs, successors, executors, administrators and assignees of the parties.

23.   ALL NSF CHECKS will be subject to a $10.00 return charge. After 3 NSF checks rent will be required to be paid by money order, cashiers check or cash only.

24.   As LESSEE you are responsible for upkeep of your exterior grounds.

25.   If you have a storage shed you will be responsible for cleaning it out and turning in the keys. Until keys are in after you vacate there will be $5.00 rent charge on the storage unit, per day.

LESSEE AGREES TO GIVE LESSOR 30 DAYS
NOTICE OF INTENT TO MOVE IN WRITING.


Make, model & Year of automobile

3-11-07.

Cheryl Downey   3-11-07



**CALIFORNIA
ASSOCIATION
OF REALTORS®**

### DISCLOSURE REGARDING
### REAL ESTATE AGENCY RELATIONSHIPS

(As required by the Civil Code)
(C.A.R. Form AD, Revised 10/04)

3

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

### SELLER'S AGENT

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller:
   A Fiduciary duty of utmost care, integrity, honesty, and loyalty in dealings with the Seller.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.

An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

### BUYER'S AGENT

A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer:
   A fiduciary duty of utmost care, integrity, honesty, and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.

An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

### AGENT REPRESENTING BOTH SELLER AND BUYER

A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.

In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
   (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
   (b) Other duties to the Seller and the Buyer as stated above in their respective sections.

In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction.

This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on the reverse hereof. Read it carefully.

**I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).**

BUYER/SELLER _____ Date _03-13-07_ Time _12:00_ AM/PM

BUYER/SELLER _____ Date _____ Time _____ AM/PM

AGENT _____ By _____ Date _____
       (Please Print)                (Associate-Licensee or Broker Signature)

---

THIS FORM SHALL BE PROVIDED AND ACKNOWLEDGED AS FOLLOWS (Civil Code § 2079.14):
• When the listing brokerage company also represents Buyer, the Listing Agent shall have one AD form signed by Seller and one signed by Buyer.
• When Buyer and Seller are represented by different brokerage companies, the Listing Agent shall have one AD form signed by Seller and the Buyer's Agent shall have one AD form signed by Buyer and one AD form signed by Seller.

---



The System for Success

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020



| Reviewed by _____ Date _____ |

AD REVISED 10/04   PRINT DATE

COPYRIGHT © 1991-2005 CALIFORNIA ASSOCIATION OF REALTORS®



CALIFORNIA
ASSOCIATION
OF REALTORS®

3

## DISCLOSURE REGARDING
## REAL ESTATE AGENCY RELATIONSHIPS
(As required by the Civil Code)
(C.A.R. Form AD, Revised 10/04)

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

### SELLER'S AGENT
A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller:
   A Fiduciary duty of utmost care, integrity, honesty, and loyalty in dealings with the Seller.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.

An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

### BUYER'S AGENT
A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer:
   A fiduciary duty of utmost care, integrity, honesty, and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
   (a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
   (b) A duty of honest and fair dealing and good faith.
   (c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.

An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

### AGENT REPRESENTING BOTH SELLER AND BUYER
A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.

In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
   (a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
   (b) Other duties to the Seller and the Buyer as stated above in their respective sections.

In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction.

This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on the reverse hereof. Read it carefully.

I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).

BUYER/SELLER _____   Date _03-13-07_ Time _12:00_ AM/PM

BUYER/SELLER _____   Date _____ Time _____ AM/PM

AGENT _____   By _____   Date _____
            (Please Print)                  (Associate-Licensee or Broker Signature)

THIS FORM SHALL BE PROVIDED AND ACKNOWLEDGED AS FOLLOWS (Civil Code § 2079.14):
• When the listing brokerage company also represents Buyer, the Listing Agent shall have one AD form signed by Seller and one signed by Buyer.
• When Buyer and Seller are represented by different brokerage companies, the Listing Agent shall have one AD form signed by Buyer and the Buyer's Agent shall have one AD form signed by Buyer and one AD form signed by Seller.



The System® for Success®

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

AD REVISED 10/04   PRINT DATE

| Reviewed by _____ Date _____ |

COPYRIGHT © 1991-2005 CALIFORNIA ASSOCIATION OF REALTORS®

### DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIPS   (AD PAGE 1 OF 1)

# PACIFIC AUCTION EXCHANGE, INC.

9100 Ming Avenue, Suite 202, Bakersfield, California 93311 — Office: (661) 282-8466 - Facsimile: (661) 665-7762

## SELLER'S AGREEMENT OF CONFIDENTIALITY

This AGREEMENT OF CONFIDENTIALITY ("Agreement") is entered into this _13TH_ day of _March_ 20_07_, by and between _Larry Bixenler_ , (hereinafter referred to as "Seller") and PACIFIC AUCTION EXCHANGE, INC. (hereinafter referred to as "Broker").

### RECITALS

A.    Seller is being provided with a copy of Broker's Exclusive Listing Agreement, which is proprietary in its form and content to Broker, and is protected by United States Copyright laws.

B.    Broker is providing a copy of the Exclusive Listing Agreement to Seller on the strict condition that Seller agrees to keep the Exclusive Listing Agreement and all of the information within the Exclusive Listing Agreement confidential and to refrain from using such information for any purpose other than the auction of Seller's property.

NOW, THEREFORE, in consideration for the mutual promises contained herein, the parties hereto agree as follows:

1.    Confidentiality: Seller agrees that Broker's Exclusive Listing Agreement is to remain confidential. Seller and his/her officers, directors, employees, agents, and other representatives will not make any use of the information contained in the Exclusive Listing Agreement directly or indirectly, for any purpose other than the auction of Seller's property, nor disclose any part of the information contained therein to any other person, corporation, firm, partnership, association or any other form of business, trade, or organization, or any other entity, and will hold in strict confidence the form and content of Broker's Exclusive Listing Agreement.

2.    Collective Breach: It is specifically agreed that any breach of the Agreement contained in paragraph 1, hereof, by any individual or entity shall be deemed to be a breach thereof by Seller.

3.    Injunctive Relief: The parties hereby agree that in the event of a breach of the provisions of paragraph 1, above, damages will be extremely difficult to calculate and therefore Broker's remedy at law for such breach is inadequate. Therefore, in the event of such breach, Broker shall be entitled to injunctive relief to prohibit further breach thereof, which the parties hereby agree is a proper remedy for such breach. The parties further acknowledge that the injunctive relief provided for herein shall be in addition to any other remedies available to Broker, including but not limited to, Broker's right to the collection of damages for such breach.

4.    Assignment and Modification: This Agreement and the rights and duties of the parties hereunder may not be assigned by any of the parties, and the parties expressly agree that any attempt to assign any of such rights or duties hereunder will be null and void. This agreement may be modified or amended only by the written agreement of all parties and only to the extent set forth herein.

5.    Successors and Assigns: Subject to the provisions of paragraph 4 above, this Agreement shall bind and ensure to the benefit of the successors, representatives, heirs, and legatees of the parties hereto.

6.    Entire Agreement: This Agreement is the entire agreement between the parties and contains all representations made by any party to the other in connection herewith.

7.    Executed Counterparts: This Agreement may be executed in one or more counterparts all of which together shall constitute a single document.

8.    Governing Law: This Agreement shall be construed in accordance with the law of the State of California.

9.    Costs and Attorneys Fees: In any action, arbitration proceeding, or other litigation ("Litigation") between the parties to declare the rights granted in this Agreement or to enforce the provisions of this Agreement, the party prevailing in the Litigation whether at trial or on appeal, shall be entitled to its costs and expenses of suit,