UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JEWELRY 47, INC.,

                                                      **07 CV 8272 (PAC)**

                             **Plaintiff,**

               **against**

LARRY BIEGLER, ELOHIM FINANCIAL
and DIONE TILLMAN,

                                **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT BEIGLER'S MOTION TO DISMISS AND IN SUPPORT OF THE CROSS-MOTION FOR THE APPOINTMENT OF A TEMPORARY RECEIVER

Dated: October 30, 2007

                                       By:_____/s/_____
                                       PETER S. GORDON (PSG 0068)
                                       108-18 Queens Boulevard
                                       Forest Hills, New York 11375
                                       718-544-7070

TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT……………………………………..1

STATEMENT OF FACTS………………………………………...2

POINT ONE………………………………………………………..5
SINCE IT IS UNDISPUTED THAT THE ONLY SITUS FOR
PERFORMANCE OF AGREEMENT IS NEW YORK, JURISDICTION
IN PERSONAM RESTS IN THE SOUTHERN DISTRICT OF NEW
YORK

POINT TWO……………………………………………………….9

AN INDISPENSABLE PARTY, ASSUMING THERE BE ONE, WOULD
BE JOINED AS A PARTY DEFENDANT, AND THEREFORE
WOULD NOT AFFECT DIVERSITY

POINT THREE…………………………………………………….10
CONVENIENCE OF WITNESSES CANNOT BE SERVED BY CHANGE
OF VENUE, FROM THE JURISDICTION OF PERFORMANCE OF THE
CONTRACT

POINT FOUR……………………………………………………….12
SINCE A PRIMA FACIE SHOWING OF FRAUD BY BIEGLER HAS
BEEN SHOWN A RECEIVER SHOULD BE APPOINTED.

CONCLUSION………………………………………………………14
DEFENDANT BIEGLER'S MOTIONS SHOULD BE DENIED IN
ALL RESPECTS AND THE CROSS-MOTION OF PLAINTIFF FOR
THE APPOINTMENT OF A RECEIVER SHOULD BE GRANTED.

Table of Authorities

Page

Federal Rules of Civil Procedure Rule 66…………………….4,13

New York State CPLR 302 (1)( a),(1) and (2)…..………… 7

**Berkshire Capital Group, LLC v.**
**Palmet Ventures, 207 WL 275116 (S.D.N.Y.)**……………7

**Deutsche Bank Securities, Inc. v.**
 **Montana Board of Investments,** 7 N.Y.3rd 65,
818 N.Y.S.2d 164, 850 N.E.2d 1140 (2006)………………..8

**Hutton v.Priddy's**
**Auction Galleries, Inc.,**
275 F. Supp. 2d 428 (S.D.N.Y.,2003)………………………7

**Santibanez v. Wier McMahon & Co.,**
105 F.3rd 234 (5th Circ., 1997)……………………………….14

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -**
**JEWELRY 47, INC.,**

                                                    **07 CV 8272 (PAC)**
                                **Plaintiff,**

        **against**

**LARRY BIEGLER, ELOHIM FINANCIAL**
**and DIONE TILLMAN,**

                                **Defendant.**

**- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -**

## PRELIMINARY STATEMENT

        Plaintiff respectfully submits this memorandum of law in opposition to the

motion of defendant LARRY BIEGLER to dismiss the complaint herein for

alleged lack of personal jurisdiction,  for failure to join as a "plaintiff" an

indispensible party and for failure to set forth facts for which relief can be granted

and in support of the cross-motion to appoint a Receiver for the BAHIA

EMERALD, the subject matter of the jurisdiction herein.

1

## STATEMENT OF FACTS

Defendant LARRY BIEGLER is the owner of the 1,800 pound emerald, the BAHIA EMERALD, alleged to be the largest such jewel in the world. Prior to the institution of this litigation, he held himself out as the owner, exercising all of the indicia of ownership. Since the commencement of this litigation, he now claims, that the jewel is owned By B & B Services, Inc., without any explanation as to the ownership of that corporation. The name suggests that it is Biegler and his wife, accounting for the initials "B & B."

BIEGLER commissioned his associate JEFF DOWNEY to solicit a reliable jewelry dealer to sell the product.. Downey researched the available dealers, selecting Gary Weiss and his company, Jewelry 47, Inc. a distributor of jewelry, with offices in the jewelry district on West 47th Street in New York City at the time of the agreement, the only location, from which it merchandises jewelry. This required professional careful and highly technical preparation of promotional material for a web-site and considerable time and effort. Indeed, plaintiff agreed to do the work on a contingency basis, the parties agreeing to a ten percent commission for plaintiff, in connection with this joint venture.

Although most jewelry transactions are done on a hand shake, the parties decided upon a memorandum of agreement, to embody the terms of the

2

commission.

Gary Weiss commissioned his son to take photos of the emerald and to have Biegler sign a memorandum, embodying the agreement between the parties. Gary Weiss, had his son, Gil who flew into an airport in California, where he met with Biegler and the latter's assistant, Marco Diaz-Infante, where they stopped for breakfast. Biegler compensated Gil Weiss for his airfare. They then drove to a warehouse, where Gil Weiss took photos of the jewel and Larry Biegler signed the memorandum of the agreement between the parties. Gary Weiss signed the memo in New York. It is conceded that the place of execution of the agreement is not determinative of the proper jurisdiction for forum purposes.

Gary Weiss set out to advertise the sale of the Bahia Emerald over a website on E.-Bay. There were thousands of hits over E-Bay. From these came an offer of nineteen million dollars from Dione Tillman and Elohim Financial. No sooner did plaintiff obtain a buyer, than Biegler made direct contact with the customer. He then had his assistant Marco Diaz-Infante E-Mail plaintiff, that he would be unable to pay commission, unless the purchase price were a minimum of twenty five million dollars. In short, once a customer was produced by plaintiff, Biegler began looking for excuses not to pay commission.

Tillman also engaged in E-mail tag, advising plaintiff that he could not go through with the deal, since he learned that plaintiff had no authority to make the

sale.

      As a result of the duplicity of Larry Biegler, plaintiff commenced this action, against Biegler, Tillman and Elohim Financial, Tillman's company, and moved for the appointment of a temporary receiver, pursuant to Rule 66 of the Federal Rules of Civil Procedure.

      The strategy of Biegler was to irresponsibly deny everything. Thus, he denied that he signed the memorandum, claiming it was a forgery, despite the fact that a handwriting expert, who has compared the handwriting on the memo, with certified copies of notarized deeds by Biegler, attests that they are a positive match, that Gil Weiss witnessed his signature, and Jeff Downey, who worked for Biegler identified the signature as Biegler's, as well as the e-mails from Mr. Diaz-Infante and Mr. Tillman, address themselves to the agreement.

      In addition, Biegler denied that he even owned the emerald, claiming ownership in B & B Services, Inc., that appears to be his and his wife's initials, without disclosing the ownership of the corporation and its business mission.

      Biegler retained counsel, who has now moved to dismiss on grounds of lack of personal jurisdiction, failure to join a necessary "plaintiff" and for failure to recite facts for which relief can be granted. Given the blatant and obvious dishonesty of the defenses interposed by Biegler, who does not even use a handwriting expert to buttress his specious claim that he did not sign the memo and

4

who does not even explain B & B Services, Inc., he makes it clear that he will use

any fraud imaginable in his defense, so that a receiver of the jewel should

be appointed.


## POINT ONE

### SINCE IT IS UNDISPUTED THAT THE ONLY SITUS FOR PERFORMANCE OF AGREEMENT IS NEW YORK, JURISDICTION IN PERSONAM RESTS IN THE SOUTHERN DISTRICT OF NEW YORK

Biegler challenges the jurisdiction of this Court, but without any claim where

jurisdiction, as distinguished from the convenience of Biegler, should , in fact, lie.

brushing aside the spurious claims of forgery, that must await a trial, the factual

basis for jurisdiction is undisputed.  Biegler retained his associate, Jeff Downey, to

hire a capable jewelry distributor to sell the Bahia Emerald.  Downey did the

appropriate research and solicited plaintiff for the task.  This was a full arm's

length agreement, since Gary Weiss and Jeff Downey had not even known each

other.  Biegler wanted his friend Downey to share the commission, to which

plaintiff consented.  However, Downey was to have no role in the distribution

process, since he was not in the jewelry business.

At great effort, plaintiff prepared for a selling campaign, with a presentation

over E-Bay.  As a result, plaintiff obtained a bid of nineteen million dollars.  When

5

Biegler learned of the arrangement, he decided that he did not want to pay the one million nine hundred and launched a series of E-Mails. He told Tillman that plaintiff had no authority to sell the Bahia Emerald, which prompted Tillman to dispatch an E-Mail. Then, he had his assistant, Mr. Diaz-Infante send an E-Mail that Biegler would not pay commission on any sale, unless it exceeded twenty five million dollars, as if any distributor would consent to make a sale of up to twenty five million dollars, without receiving any compensation.

When plaintiff commenced this lawsuit, Biegler decided that his best strategy would be perjury, to deny he signed the document. The fact that a handwriting expert has made a positive identification, from certified deeds, with his signature notarized and that a witness was present when he signed and one of his own associates, has identified his signature, undoubtedly feeds on his arrogance. Nor does he explain an E-Mail from his assistant, in which, he, in effect, seeks to renegotiate the agreement, by insisting that no commission is earned until the purchase price reaches $25,000,000. If Mr. Biegler did not sign the agreement, why, in effect, try to renegotiate it. Nor is any explanation given for Mr. Tillman's E-mail that he was told plaintiff had no authority to sell the jewel, after Mr. Tillman responded with an offer, to plaintiff, from an E-Bay presentation. In any event, it is a question of fact, whether Biegler signed the instrument.

Biegler has expressed his preference for the case to be removed to

6

California, based upon his having signed the agreement in California.  However, counsel for Mr. Biegler has correctly urged that the place where a party signs is not a jurisdictional relevancy. In this case, the only relevancy is that performance of the agreement was intended to be in New York, which is undisputed.

Personal jurisdiction exists pursuant to CPLR 302 (1)( a), which provides that a non-resident exposes himself to New York jurisdiction if he (1) transacts business in New York and (2) the cause of action arises out of his transaction of business, which must be in New York. In passing upon the issue of personal jurisdiction, the court must  consider the totality of contacts within the foreign state.  **Hutton v.Priddy's Auction Galleries, Inc.,**  275 F. Supp. 2d 428 (S.D.N.Y.,2003).  Plaintiff cites a recent case by this Court, in which the complaint was dismissed, on motion of a defendant, that never was in New York, but the contract was here signed.  **Berkshire Capital Group, LLC v. Palmet Ventures, 207 WL 275116 (S.D.N.Y.).**  The contract in issue was an agreement faxed into New York, but for the purchase of property in Chicago, Illinois, the defendant being a Colorado corporation.  Since the defendant was not a domiciliary of New York and the contract was to be performed in Illinois, this Court properly dismissed the complaint for want of personal jurisdiction.  That case, although cited by Biegler, supports the position of plaintiff, for in this case, the only State where the contract was to be performed was New York.  Like **Berkshire,** the fact

7

that the signed contract was faxed into New York, was a jurisdictional irrelevancy. Thus, the case is support for the fact that California would not be a proper jurisdiction, had the parties swapped positions in the caption.

In every case cited by defendant, to support its lack of jurisdiction claim, the subject matter of the complaint was outside the State of New York, so that the defendant had not availed himself of the benefits and protection of the laws of New York, as did Biegler when he had his agent, Jeff Downey, hire a New York located jeweler to sell the Bahia Emerald, Defendant rests solely upon the facts that Biegler was never in New York, had no bank account in New York, etc. However, the New York Court of Appeals has held that a party can transact business in New York, "without being physically present," as long as the transaction in litigation took place within New York. **Deutsche Bank Securities, Inc. v. Montana Board of Investments,** 7 N.Y.3rd 65, 818 N.Y.S.2d 164, 850 N.E.2d 1140 (2006) In the case at bar, Biegler authorized his agent to solicit a New York business, to sell the Bahia Emerald and thereby to transact business in New York. When he decided to breach the contract, he cannot be heard to deny New York jurisdiction, when his agent sought it out.

## POINT TWO

### AN INDISPENSABLE PARTY, ASSUMING THERE BE ONE, WOULD BE JOINED AS A PARTY DEFENDANT, AND THEREFORE WOULD NOT AFFECT DIVERSITY

Jeff Downey is not a jewelry distributor, but a friend to Biegler and in executing the agreement, Mr. Biegler insisted that plaintiff share the commission from the sale with Downey, to which plaintiff agreed. Downey was satisfied, that upon plaintiff's being paid, that plaintiff would cut him a check for his share. There was no need for Downey to institute suit, when his interests would be protected by plaintiff. By no possibility would Biegler be exposed to multiple lawsuits, since upon payment of the agreed commission, his liability would be terminated. Indeed, Downey would be pleased to furnish him with a covenant not to sue.

In any event, were Downey an indispensable party, the method of bringing him into the case would be, as a party defendant. The remedy of Biegler is to move to implead Downey as a party defendant, or to serve a third party complaint, naming him as a third party defendant, not to dismiss the complaint. Indeed, plaintiff will willingly sign a stipulation for Biegler to implead Downey as a defendant, to avoid unnecessary motion practice. However, there is no statutory

9

authority for an indispensable party to be impleaded as a plaintiff.  Biegler is

deliberately distorting fundamental pleading and practice rules, in hopes of

misleading the Court and plaintiff.  Biegler is not really seeking to implead

Downey as a defendant in the action, or he would have moved to do so.  What he is

seeking is to avoid the consequences of a deal that he made to pay commissions -

and after plaintiff produced a  customer ready to purchase the gem.


**POINT THREE**

**CONVENIENCE OF WITNESSES CANNOT
BE SERVED BY CHANGE OF VENUE,
FROM THE JURISDICTION OF
PERFORMANCE OF THE CONTRACT**

Biegler seeks a fallback strategy if his efforts at dismissal do not work, to

remove the case to California for convenience of witnesses. The only rub is that the

witnesses whose convenience he cites are plaintiff's witnesses and his and parties

who have chosen to default in this action.  The only party whose convenience

would be served by such action, would be Mr. Biegler, himself, no one else.

Mr. Biegler urges that the convenience of codefendant Tillman and

Elohim Financial would be served by a change of venue to California.

On the 2nd day of October, 2007, codefendants Tillman and Elohim

Financial appeared at oral argument by Jules Martin Haas, Esq., who represented

to the Court that he had not yet been retained by his clients and that he knows very little about the case.  That was the last that anyone heard from Mr. Haas. Apparently, he was not retained and his "former" clients are now in default in answering the complaint. Apparently, Biegler is aware that these codefendants intended to default, since his attorney never served notice of this motion upon Haas or upon them.  The claim of convenience should be made by the defaulting codefendants, not by Biegler.  In making this claim, counsel seems to be misleading this Court, by failing to frankly advise the Court that these codefendants are in default.

As for Gil Weiss, Gary Weiss and Jeff Downey, annexed are their affirmations, attesting to the fact, that the Southern District of New York is *forum conveniens* for them.

Perhaps, the most important factor, is that the contract was to be performed in the Southern District of New York, not California. Plaintiff, with offices, now on 45th Street, and formerly in 47th Street, was to prepare the web sites in New York, for publication on E-Bay, through the latter's office.  Mr. Biegler has added another issue to this case, by claiming that his signature is a forgery.  This has caused  plaintiff to hire a handwriting expert in New York, who examined the notarized signature of Biegler on three certified deeds, and found them to be the identical signature as on the agreement.  The expert is New York based.  Gil Weiss

11

is a witness to the signature of Biegler. New York is his venue of convenience.

Jeff Downey is familiar with Biegler's signature.  New York is his venue of

convenience.  All of the evidence to prove the contract and that the contract was

performed, comes from witnesses convenient to New York.  Since the contract was

intended to be performed in New York, and will be proven in New York, over the

spurious claim of forgery, New York is the proper and  convenient forum and

venue should not be removed.


### POINT FOUR
### SINCE A PRIMA FACIE SHOWING OF
### FRAUD BY BIEGLER HAS BEEN SHOWN
### A RECEIVER SHOULD BE APPOINTED.

Biegler entered into an agreement with plaintiff for the latter to sell this jewel

for a commission of ten percent, with Biegler insisting that plaintiff share his

commission with Biegler's friend, Jeff Downey. Plaintiff then began the marketing

of the jewel, by constructing a web-site to run over E-Bay.  Plaintiff then produced

codefendant TILLMAN, who offered nineteen million dollars for the Bahia

Emerald. No sooner did plaintiff produce a customer, then Biegler began to modify

the agreement, by insisting that he would not pay commission on any selling price

unless it exceeded twenty five million dollars, which would mean that plaintiff

would get nothing on a nineteen million dollar sale.

12

When plaintiff began an action against Biegler, the latter changed avoidance theories, now claiming that he never signed the agreement and that his signature is a forgery, from which he does not seem to want to retreat, despite a handwriting expert, as well as an eye witness to his signature and no other witness, who has recognized his signature. What is although significant is that Biegler has failed to produce an expert to support his forgery claim.

Rule 66 of the Federal Rules of Civil Procedure provides that the appointment of a receiver can be sought "by anyone showing an interest in certain property or a relation to the party in control or ownership thereof such as to justify conservation of the property by a court officer."

The factors considered by courts in deciding whether to appoint a receiver are a valid claim by the party seeking the appointment. The agreement between the parties presents a valid contract. The claim of forgery by Biegler is totally unsupported. Another factor to be considered is whether fraud has occurred in the past and is likely to occur in the future. It is beyond dispute, that the first strategy employed by Biegler, was to have an e-mail sent to plaintiff to avoid paying the commission, by insisting (without consideration) on a new provision, that no commission will accrue until an offer of $25,000,000 is received, in conflict with the original agreement. This is fraud. The newest strategy is a perjurious denial by Biegler that he even signed the agreement, that produced a customer and has been

13

the subject of e-mails.  In effect, Biegler has announced that he has no intent to abide by the agreement and will brazenly resort to fraud and perjury to avoid his obligations.  Under such circumstances, a receiver should be appointed.

**Santibanez v. Wier McMahon & Co.,** 105 F.3rd 234 (5th Circ., 1997)

Another factor to be considered is the potential harm that might be caused by such appointment.  In this case - none.  The appointment will not prevent a sale of the jewel.   What it will prevent is a sneaky one.  He can certainly sell the jewel, but the receiver will make the delivery and preserve the selling price.  If ever there was a case, where a temporary receiver should be appointed, it is the one at bar.

**CONCLUSION**

**DEFENDANT BIEGLER'S MOTIONS SHOULD BE DENIED IN ALL RESPECTS AND THE CROSS-MOTION OF PLAINTIFF FOR THE APPOINTMENT OF A RECEIVER SHOULD BE GRANTED.**

Dated: October 30, 2007

Respectfully submitted,

By:_____/s/_____
PETER S. GORDON (PSG 0068)
108-18 Queens Boulevard
Forest Hills, New York 11375
718-544-7070

14