# ReedSmith

Scott S. McKessy, Esq.
Direct Phone: 212.521.5421
Email: smckessy@reedsmith.com

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: N  1 2007
```

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
212.521.5400
Fax 212.521.5450

October 31, 2007

*[Handwritten note:]* November 1, 2007 — No formal opposition is necessary. If defendants wish to put this into reply papers he is free to do so. The Court will be able to discern the merits of the cross motion for appointment of a Temporary Receiver. *So ordered. PAC*

**VIA ELECTRONIC MAIL**

The Honorable Paul A. Crotty
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 735
New York, NY 10017

Re: Jewelry 47, Inc. v. Larry Biegler et al
Civil Action No. 07-CV-8272 (PAC)

Dear Judge Crotty:

My firm represents defendant Larry Biegler in the above-referenced action. Yesterday, my office was served with plaintiff's opposition papers to Mr. Biegler's pending motion to dismiss the complaint on, *inter alia*, jurisdictional grounds. Intertwined in its opposition, however, is a purported Cross-Motion for the Appointment of a Temporary Receiver -- the same relief plaintiff previously requested and this Court previously denied. We respectfully request a conference with the Court to address the propriety of plaintiff's purported cross-motion and request that the portion of plaintiff's papers submitted in support of the purported Cross-Motion be stricken.

The reasons for this request are multi-fold. First, this "application" is neither a motion for reargument, nor reconsideration and is precluded by the law of the case doctrine. Second, this Court already determined that it wanted to address the jurisdictional and necessary party issues in the first instance before delving into other matters. Finally, plaintiff makes this Cross-Motion in violation of this Court's Individual Rules and Practices which impact upon the parties' Court-established briefing schedule.

### The Cross-Motion is Without Merit

As the Court is aware, plaintiff commenced this action and immediately made an application to this Court for the appointment of a temporary receiver based upon a breach of a purported joint venture agreement. Despite the short time table for that Order to Show Cause, Mr. Biegler served opposition papers raising, among other things, the fact that this Court lacks personal jurisdiction over Mr. Biegler,

**MEMO ENDORSED**

NEW YORK ♦ LONDON ♦ LOS ANGELES ♦ PARIS ♦ SAN FRANCISCO ♦ WASHINGTON, D.C. ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE
reedsmith.com

NYLIB-458507.1

Hon. Paul A. Crotty
October 31, 2007
Page 2

**ReedSmith**

that there was no joint venture agreement between the parties, as a matter of law, and that plaintiff had completely failed to establish any basis for the drastic remedy of the appointment of a temporary receiver. The Court agreed, stating to plaintiff: "You haven't established any kind of basis for relief, injunctive relief. I am not going to appoint a receiver." October 2, 2007 Transcript, p. 14, lines 7-9.

Despite the Court's clear ruling, plaintiff now brings a second application for the same relief: But nothing has changed.

Indeed, this is not a motion to reargue pursuant to Local Rule 6.3. Such a motion needs to be made within ten days of entry of the Court's October 2, 2007 decision, as well as be based upon the argument that the Court overlooked certain matters or controlling law. *See* Local rule 6.3. Plaintiff's instant application is made some twenty-seven days after this Court's denial of plaintiff's prior application and its present application makes no claim this Court overlooked anything. Further, in order to comply with Local Rule 6.3, plaintiff had to have served a memorandum "setting forth concisely the matters or controlling decisions which counsel believes the court overlooked." This was not done either. Plus a "Rule 6.3 motion 'is not a motion to argue those issues already considered when a party does not like the way the original motion was resolved.'" *Diamond v. Treasurers and Tickets Sellers Union Local 751 Pension Fund*, 2007 WL 2261551 *2 (August 8, 2007, S.D.N.Y.)(Crotty, J.). This is the very situation here and it should not be allowed.

Moreover, this is also not an application for reconsideration. Plaintiff makes no claim of new evidence, intervening change in applicable law, or the need to correct anything in the Court's denial of plaintiff's prior application. Plaintiff had its day in court to argue this application and lost; it should not be entitled to waste this Court's and Mr. Biegler's time attempting a second bite at the apple. Indeed, this is the very conduct the doctrine of law of the case was designed to prevent.

> The doctrine of law of the case "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.
>
> * * * *
>
> There must be "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"

*U.S.A. v. Yonkers Board of Education*, 856 F.2d 7, 11 (2d Cir. 1988) (internal citations omitted). Plaintiff submits no argument why the law of the case doctrine does not preclude its instant cross-motion.

**Plaintiff's Cross-Motion Is In Violation Of This Court's Individual Rules And Practices**

Pursuant to this Court's Individual Rules and Practices, prior to any party making a motion (other than those specified in this Court's Rule 3.A), a party must submit a letter to the Court setting forth the basis for the anticipated motion. The opposing party then has a chance to respond, thus providing the



Hon. Paul A. Crotty
October 31, 2007
Page 3

**ReedSmith**

Court the opportunity to assess the merit (or lack of merit) of any anticipated motion and be able to manage its calendar efficiently. Indeed, the Court, at the October 2nd hearing, specifically informed the parties that the Court preferred to address the issues of jurisdiction and necessary parties first before delving into other issues: "I think the best way to address this case is on the jurisdictional grounds that have been raised by the defendants and also whether all the necessary parties are here before we proceed any further in this matter." October 2, 2007 Transcript, p. 14, lines 19-22. Plaintiff apparently chose to disregard how this Court wishes to manage this lawsuit.

Further, the Court set a briefing schedule based upon the filing of a motion to dismiss, providing Mr. Biegler with two weeks to make his initial motion; two weeks for plaintiff to interpose opposition papers; and one week for Mr. Biegler to serve reply papers. The games plaintiff now plays by serving a purported cross-motion impacts upon the Court-established briefing schedule and prejudices Mr. Biegler by potentially limiting him to one week for a response and ten pages on his reply memorandum of law.

And this is not the only game plaintiff is playing. As this Court may recall, plaintiff's counsel issued a press release that materially misrepresented this Court's prior order. Plaintiff's counsel admitted that press release was issued by one of his employees who was under counsel's supervision. The Court then stated to plaintiff's counsel: "Well, I would suggest to you that you tell Mr. Pugach that he's not to issue press releases dealing with this lawsuit." October 2, 2007 Transcript, p.13, lines 12-14. Instead of retracting the materially false press release (which is still accessible on the internet at : http://www.mmdnewswire.com/judge-appoints-temporry-receiver-for-400-000-000-emerld-one-worlds-lrgest-2282-3.html) or heeding this Court's suggestion, it appears Mr. Pugach has issued yet another press release pertaining to this case (accessible at: http://www.mmdnewswire.com/press-relese-correcti-the-worlds-lrgest-emerld-2464.html).

And while plaintiff's counsel attempts to call this a "corrected" press release, it states that, as of October 25, 2007, the Court has issued an order to show cause giving each side opportunity to present their case. As plaintiff's counsel knows full well, as of the date of his "corrected" press release, this Court had already, and long ago, denied plaintiff's application as baseless. So why the need to conceal the truth? Who are they trying to mislead?

Regardless of plaintiff's games, Mr. Biegler respectfully requests a conference with the Court at its earliest availability in order discuss the propriety of plaintiff's latest tactics and clarify the parties' briefing schedule.

Respectfully submitted,

Scott S. McKessy
Reed Smith LLP

cc: Peter S. Gordon, Esq. (via facsimile)