Scott S. McKessy (SM-5489)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
Attorneys for Defendant Larry Biegler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JEWELRY 47, INC.,

                  Plaintiff,     CIVIL ACTION NO. 07-CIV-8272 (PAC)

     v.

LARRY BIEGLER and ELOHIM
FINANCIAL and DIONE TILLMAN

               Defendants.
-------------------------------------------------------X

**DEFENDANT LARRY BIEGLER'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**

REED SMITH
599 Lexington Avenue
New York, New York  10022
212-521-5400

Attorneys for Defendant
Larry Biegler

## Table of Contents

**PRELIMINARY STATEMENT** ...................................................................................... 1

**RELEVANT FACTS** ....................................................................................................... 2

**ARGUMENT** ................................................................................................................... 2

    **POINT I - PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION OVER MR. BIEGLER** ........................................................ 2

        A.    Jeff Downey Is Not Mr. Biegler's Agent ........................................... 3

        B.    Even If Agency Existed, Plaintiff's Claim of Jurisdiction Still Fails ............................................................................................. 4

        C.    Plaintiff's Conduct Is Irrelevant ......................................................... 5

        D.    Exercising Personal Jurisdiction Would Violate Mr. Biegler's Right To Due Process ........................................................................ 7

    **POINT II - THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO NAME ALL INDISPENSABLE PARTIES** ........................................................................ 8

    **POINT III - THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION** .................................................................................. 9

    **POINT IV - PLAINTIFF EVEN MANIPULATES CONVENIENCE** ............. 9

**CONCLUSION** .............................................................................................................. 10

## Table of Cases

*Aero-Bocker Knitting Mills, Inc. v. Allied Fabrics Corp.*, 54 A.D.2d 647,
    387 N.Y.S.2d 635 (1st Dept. 1976) .................................................................. 1, 4, 5, 6

*Berkshire Capital Group, LLC v. Palmet Venture, LLC*, 2007 WL 2757116
    (S.D.N.Y. Sept. 21, 2007)(Crotty, J.) ................................................................ 1, 5, 7

*Deutsche Bank Securities, Inc. v. Montana Board of Investments*, 7 N.Y.3d 65,
    818 N.Y.S.2d 164, 850 N.E.2d 1140 (2006) ............................................................ 7

*Galgay v. Bulletin Co., Inc.*, 504 F.2d 1062 (2d Cir. 1974) .................................................. 6

*In re Cuyahoga Equip. Coro.*, 980 F.2d 110 (2d Cir. 1992) ............................................... 10

*International Customs Assocs., Inc. v. Ford Motor Co.*, 893 F.Supp. 1251
    (S.D.N.Y. 1995) ....................................................................................................... 6, 7

*Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 522 N.E.2d 40,
    527 N.Y.S.2d 195 (1988) ............................................................................................ 4

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996),
    *cert. denied*, 117 S.Ct. 508 (1996) ............................................................................... 2

*Selman v. Harvard Medical School*, 494 F.Supp. 603 (S.D.N.Y. 1980) ........................... 4

*Success Marketing Electronics, Inc. v. Titan Security, Inc.*, 204 A.D.2d 711,
    612 N.Y.S.2d 451 (2d Dept. 1994) ............................................................................. 6

*Totonelly v. Cardiology Associates of Corpus Christi, Inc.*, 932 F. Supp. 621
    S.D.N.Y. 1996) ......................................................................................................... 10

*Vardinoyannis v. Encyclopaedia Britannica, Inc.*, 1990 U.S. Dist. LEXIS 10881
    (S.D.N.Y. 1990) ......................................................................................................... 4

## Table of Statutes

28 U.S.C. § 1404(a) ............................................................................................................ 1

CPLR 302(a)(1) .............................................................................................................. 2, 6

Fed. R. Civ. P. Rule 12 ............................................................................................... 1, 8, 9

Fed. R. Civ. P. Rule 19 ............................................................................................... 1, 8, 9

Defendant Larry Bieger, through his counsel Reed Smith LLP, respectfully submits this reply memorandum of law in further support of his motion to dismiss the complaint pursuant to Fed. R. Civ. P. Rules 12(b) (2), (6) and (7) and 19(b) or, in the alternative, to transfer this action to California pursuant to 28 U.S.C. § 1404(a).

## PRELIMINARY STATEMENT[1]

In opposition to the instant motion to dismiss, plaintiff submits declarations and a memorandum of law that fail to address any of the substantive issues raised in Mr. Biegler's initial moving papers: there are no allegations that Mr. Biegler transacted any business in this State; and plaintiff's memorandum of law is devoid of any factual or legal citations that support its instant position. Indeed, plaintiff was forced to argue, on several occasions, "factual" positions that contradict its previous ones and argue "legal" positions that would never have been made had plaintiff simply read the Federal Rules of Civil Procedure or any of the applicable case law. Accordingly, the instant motion should be granted for each of the following reasons:

- Plaintiff's claim of agency is factually untenable, and, even if it were not, a single claim of an isolated solicitation into New York via electronic or telephonic means is insufficient to confer personal jurisdiction over an out-of-state resident that has never even been into the State the New York. *See, e.g., Aero-Bocker Knitting Mills, Inc. v. Allied Fabrics Corp.*, 54 A.D.2d 647, 387 N.Y.S.2d 635 (1st Dept. 1976).

- Plaintiff's use of its own acts in the State of New York as a basis for asserting personal jurisdiction over an out-of-state resident who has never even been into the State of New York is unsupported as a matter of law. *See, e.g., Berkshire Capital Group, LLC v. Palmet Venture, LLC*, 2007 WL 2757116 *4 (S.D.N.Y. Sept. 21, 2007)(Crotty, J.).

- Plaintiff's claim that there is no Rule requiring a plaintiff to name all necessary parties and that a defendant's only remedy for a plaintiff's failure to name a necessary party is to implead that party is, from a legal standpoint, frivolous: Federal Rules 12 and 19 explicitly provide that a

---

[1] As indicated in the Court's memo endorsed Order of November 1, 2007, no formal opposition to Plaintiff's "Cross-Motion" for an order appointing a temporary receiver is necessary. Indeed, that cross-motion – which is neither a motion to reargue nor one for reconsideration – is frivolous and is precluded based upon the doctrine of the law of the case. A copy of the endorsed Order is annexed to the accompanying reply declarations.

      party may be forced to join an action as a party-plaintiff and dismissal is warranted for plaintiff's failure to name all necessary parties – which in this case destroys diversity jurisdiction. Indeed, plaintiff is "gaming" the judicial system in order to manufacture subject matter jurisdiction where none exists.

- Plaintiff offers no argument opposing dismissal of its causes of action for failure to state a claim upon which relief can be granted.

- Convenience and fairness dictate that this case, if not dismissed, should be transferred to California.

## RELEVANT FACTS[2]

Mr. Biegler respectfully refers this Court to the accompanying reply declarations of Larry Biegler, dated November 5, 2007, and Scott S. McKessy, dated November 6, 2007, as well as the prior declarations submitted upon Mr. Biegler's behalf for a full and complete recitation of the relevant facts.

## ARGUMENT

### POINT I

### PLAINTIFF FAILS TO ESTABLISH PERSONAL JURISDICTION OVER MR. BIEGLER

As set forth in Mr. Biegler's initial moving papers, on a motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to establish the basis for jurisdiction. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir. 1996), *cert. denied*, 117 S.Ct. 508 (1996). In response to case law establishing that personal jurisdiction does not exist over Mr. Biegler in this action, plaintiff hangs its "jurisdictional hat" on CPLR 302(a)(1) – mis-cited by plaintiff in its papers as CPLR 302(1)(a)[3] – based upon the single claim

---

[2] Again, as previously stated in his initial moving papers, for purposes of this motion only, Mr. Biegler will proceed as if he executed the "agreement," which he did not. Biegler Declaration, dated October 2, 2007 ("Biegler Decl."), ¶ 13. Plaintiff's attempt to argue in its opposition papers that Mr. Biegler admits to having executed the "agreement" is misplaced and an act of desperation in the face of a patently deficient complaint.

[3] Opposition Memo of Law, p.7.

that Jeff Downey (who plaintiff now attempts to convert into an "agent" of Mr. Biegler) made a single communication to Gary Weiss:

> In the case at bar, Biegler authorized his agent to solicit a New York business, to sell the Bahia Emerald and thereby transact business in New York.

Opposition Memo of Law, p. 8.

Plaintiff, however, is unable to cite a single case to support this proposition. Indeed, the reasons plaintiff's Memorandum of Law is bereft of any legal or factual citations are multi-fold.

### A.   Jeff Downey Is Not Mr. Biegler's Agent

Faced with no acts by Mr. Biegler upon which to base personal jurisdiction, plaintiff now conspires with Jeff Downey to fabricate an agency relationship. But even this charade is perpetrated deficiently. As established in Mr. Biegler's accompanying reply Declaration, Jeff Downey was never Mr. Biegler's agent. Biegler Reply Decl., ¶ 3. The understanding Mr. Biegler had with Jeff Downey – as Mr. Biegler has always maintained – was that if Jeff Downey brought a buyer to B&B Services for the Emerald, for a purchase price of more than $25 million, and that deal closed and funded, then he would earn a 10% commission. Biegler October 2, 2007 Declaration at ¶ 6. Mr. Biegler never dispatched Jeff Downey to seek out a distributor for the Emerald. Biegler Reply Decl., ¶ 3.

Indeed, Jeff Downey has already admitted he was not acting at the direction or on the behalf of Larry Biegler when he claims to have contacted plaintiff, but his **OWN**: "I then contacted Jewelry 47, Inc. to further assist *ME* with the sale herein." Downey Affirmation, September 21, 2007, ¶ 2 (emphasis supplied). Only now has plaintiff decided to pretend Jeff Downey was Mr. Biegler's agent: "I did contact Jewelry 47, Inc. and Gary Weiss **on behalf of Larry Biegler** in order to arrange for the sale of the Emerald." Downey Declaration, October 26, 2007, ¶ 4. (emphasis supplied). So is Jeff Downey lying in the affirmation plaintiff submitted to this Court in September, or in the one submitted in October, or both? Regardless, based upon Jeff Downey's conduct herein, one thing is clear: he is neither Mr. Biegler's agent or friend.

Indeed, to use an agency theory to bootstrap personal jurisdiction, a showing must be made that the alleged agent "engaged in purposeful activities *in this State* in relation to his transaction for the benefit of and *with the knowledge and consent* of the [defendant] and that [defendant] *exercised some control over* [the agent]." *Vardinoyannis v. Encyclopaedia Britannica, Inc.*, 1990 U.S. Dist. LEXIS 10881 (S.D.N.Y. 1990)[4] at *10 (citing *Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 467, 522 N.E.2d 40, 44, 527 N.Y.S.2d 195, 199 (1988))(emphasis supplied).

But there is no claim here that Jeff Downey was ever in New York on behalf of Mr. Biegler; or that Mr. Biegler knew or consented to Jeff Downey approaching plaintiff (or anyone else for that matter) in New York; or that that Mr. Biegler had any control over Jeff Downey's actions. Plaintiff's claims of agency here have as much credibility as the contents of plaintiff's press releases. And, as with plaintiff's press releases, plaintiff once again demonstrates its willingness to say anything to further its scheme against Mr. Biegler.

**B.    Even If Agency Existed, Plaintiff's Claim of Jurisdiction Still Fails**

Even if Jeff Downey could be considered an agent for Mr. Biegler, plaintiff's alleged single isolated communication from Jeff Downey (from outside the State of New York) to plaintiff is still insufficient to warrant the exercise of personal jurisdiction over Mr. Biegler. "Mere solicitation, advertising, or telephone calls to New York do not satisfy the 'transaction of business' test." *Selman v. Harvard Medical School*, 494 F.Supp. 603, 612 (S.D.N.Y. 1980). Indeed, even where there is a solicitation followed by a contract for the purchase of goods in New York, this is still insufficient. *See Aero-Bocker Knitting Mills, Inc. v. Allied Fabrics Corp.*, 54 A.D.2d 647, 387 N.Y.S.2d 635 (1st Dept. 1976). In *Aero-Bocker*, the non-resident defendant solicited, in New York, offers to supply it with certain materials. The plaintiff, a New York corporation, entered into an agreement over the phone and shipped its goods from New York to

---

[4]    A copy of this unreported decision is attached to this brief.

California. The agreement also contained a New York choice of law provision and an acknowledgement that the agreement be deemed made in New York. 54 A.D.2d at 648; 387 N.Y.S.2d at 637. The defendant then defaulted and the plaintiff commenced action in New York. In dismissing the case for lack of personal jurisdiction, the Court held:

> Solicitation within the State by telephone and shipment by the plaintiff from within New York to another jurisdiction are not sufficient purposeful acts to sustain jurisdiction.

*Aero-Bocker*, 54 A.D.2d at 648-49, 387 N.Y.S.2d at 637. *See also* Mr. Biegler's initial Memorandum of Law, Point I.B.

Accordingly, here, plaintiff's single cobbled-up "solicitation" is insufficient to confer personal jurisdiction over Mr. Biegler in this forum.

### C. Plaintiff's Conduct Is Irrelevant

Plaintiff also claims that jurisdiction should be found because the "only State where the contract was to be performed was New York" (Opposition Memo of Law, p. 7) and then proceeds to reference all of plaintiff's efforts in New York. This statement is not only inaccurate based upon Plaintiff's filings, but also completely disregards well-established law that plaintiff's conduct is not considered in determining personal jurisdiction. *See e.g. Berkshire Capital Group, LLC v. Palmet Venture, LLC*, 2007 WL 2757116 *4 (S.D.N.Y. Sept. 21, 2007)(Crotty, J.)[5].

First, plaintiff's claim is a fabrication. The "agreement," which was drafted by plaintiff, never mentions the State of New York, and regarded the sale of property in California. *See* Exhibit B to initial moving papers. Moreover, plaintiff's claim of all performance in New York is flatly contradicted by Jeff Downey's sworn statements. Compare plaintiff's new claim: "The only role of Jeff Downey was to locate a distributor for Biegler, which he did. ***He had no role in the performance of the contract***" (Affirmation of Peter Gordon, dated October 4, 2007, ¶4

---

[5] A copy of this unreported decision is annexed to Larry Biegler's initial memorandum of law.

(emphasis supplied)) to Jeff Downey's sworn statement: "It is clear to me that through the efforts of Jewelry 47 and *MYSELF* the emerald has been marketed and promoted to stimulate serious offers." Affirmation Jeff Downey, September 21, 2007, ¶ 5 (emphasis supplied).

So is Jeff Downey lying when he claims to have marketed and promoted the Emerald, or is plaintiff lying when it claims Downey had absolutely "no role" in the process? Indeed, plaintiff's story is like nailing jelly to the wall – it just does not stick.

Second, even if plaintiff solely performed its part of the "agreement" in New York, this is still not enough to confer jurisdiction.

> With regard to CPLR 302(a)(1), the parties' contract was negotiated entirely by facsimile or mail, and all of the activities in New York relating to the contract were performed by the plaintiff. Thus, it cannot be said that the defendant transacted business within New York.

*Success Marketing Electronics, Inc. v. Titan Security, Inc.*, 204 A.D.2d 711, 712, 612 N.Y.S.2d 451 (2d Dept. 1994).

But plaintiff claims every case that holds a plaintiff's conduct is not to be considered on a personal jurisdiction analysis dealt with a contract that was to be performed outside the State of New York. Opposition Memo of Law, p. 8. This argument is without merit and only demonstrates that plaintiff has not read the applicable case law.

For example, in *Galgay v. Bulletin Co., Inc.*, 504 F.2d 1062 (2d Cir. 1974), the defendant entered into a manufacturing agreement with a New York company that manufactured the goods in the State of New York. When the plaintiff sued the defendant for breach in New York, this conduct was deemed insufficient to confer jurisdiction over the defendant. *See also Aero-Bocker, supra.*

Indeed, the reason for the results in those cases, as well as the others cited by Mr. Biegler, is fatal to plaintiff's action: "The appropriate focus of an inquiry under CPLR 302(a)(1) is on what the non-domiciliary defendant did in New York and not on what the plaintiffs did." *International Customs Assocs., Inc. v. Ford Motor Co.*, 893 F.Supp. 1251, 1262 (S.D.N.Y.

1995); *see also Berkshire Capital Group, LLC v. Palmet Venture, LLC*, 2007 WL 2757116 *4 (S.D.N.Y. Sept. 21, 2007)(Crotty, J.)

The only case plaintiff cites in support of its claim that the Mr. Biegler transacted business within New York is *Deutsche Bank Securities, Inc. v. Montana Board of Investments*, 7 N.Y.3d 65, 818 N.Y.S.2d 164, 850 N.E.2d 1140 (2006). Opposition Memo of Law, p.8. This Court, however, dealt with this same faulty argument in a case similar to the one at bar and rejected it. In *Berkshire Capital Group, LLC v. Palmet Venture, LLC.*, 2007 WL 2757116 (S.D.N.Y. Sept. 21, 2007) (Crotty, J.), this Court pointed out that *Deutsche Bank* dealt with the sale of bonds – which "could only have been executed in New York" – and that the defendant in *Deutsche Bank* had, within the prior 13 months, engaged in eight other bond transaction with the same New York office. *Id* at *5. The present case, like *Berkshire Capital*, has vastly different facts than *Deutsche Bank,* which may explain why plaintiff did not even try to apply the facts of *Deutsche Bank* to the present case.

As in *Berkshire Capital*, under the totality of circumstances, personal jurisdiction is lacking here: plaintiff has alleged no specific purposeful acts by Mr. Biegler in New York; plaintiff fails to establish an ongoing contractual relationship with defendant (Mr. Biegler denies ever having a contract with plaintiff) and does not even assert any contact with Mr. Biegler between Spring and September 2007; plaintiff does not dispute that the purported "agreement" pertained to the sale of an Emerald located in California; and plaintiff does not dispute that Mr. Biegler has never set foot in the State of New York. Plaintiff has proffered nothing to keep this Court from reaching the same conclusion it did in *Berkshire Capital*.

### D.   Exercising Personal Jurisdiction Would Violate Mr. Biegler's Right To Due Process

Apparently conceding that the principles of due process would not allow the exercise of personal jurisdiction over Mr. Biegler under the present circumstances, plaintiff is unable to muster any argument that due process would allow the exercise of personal jurisdiction.

## POINT II

## THE COMPLAINT SHOULD BE DISMISSED FOR
## FAILURE TO NAME ALL INDISPENSABLE PARTIES

In his initial moving papers, Mr. Biegler established that plaintiff manipulated circumstances and "jerry-rigged" the parties so as to manufacture subject matter jurisdiction, where none exists, by purposefully omitting Jeff Downey as plaintiff herein. As a result of the absence of this indispensable party, this action should be dismissed pursuant to Fed. R. Civ. P. Rules 12 and 19. In response, instead of addressing this issue substantively, plaintiff rants that Mr. Biegler's only remedy "is to move to implead Downey as a party defendant, or to serve a third party complaint, naming him as a third party defendant, not to dismiss the complaint." Opposition Memo of Law p. 9. This argument, too, is frivolous and would never have been made had plaintiff merely read Fed. R. Civ. P. Rules 12 and 19.

First, Rule 12(b)(7) specifically provides that an action may be dismissed for plaintiff's failure to name a party pursuant to Fed. R. Civ. P. Rule 19. The burden, in this regard, is on the plaintiff – not the defendant – to name all of the necessary parties, and a plaintiff's failure to do so is a basis for dismissal under Rule 12(b)(7). Second, Federal Rule 19(a) specifically provides that a necessary party may be brought in as a party-plaintiff.

But the inclusion of Jeff Downey as a plaintiff herein destroys diversity among the parties. Thus, the focus turns to Rule 19(b) to determine if Jeff Downey is indispensable. He is. Yet plaintiff offers nothing more than a self-serving statement that because it will pay Jeff Downey, Jeff Downey is not indispensable. This solitary statement, made only by plaintiff's counsel and not sworn to by plaintiff, does not eliminate the possibility of multiple lawsuits. Moreover, as pointed out above, plaintiff now takes the position that Jeff Downey did **nothing** under the "agreement," while Jeff Downey claims he affirmatively marketed the Emerald. Plaintiff appears to be laying the groundwork for avoiding making any payments to Jeff Downey under the "agreement."

Furthermore, as pointed out in Mr. Biegler's initial moving papers, Fed. R. Civ. P. Rule 19(c) requires plaintiff to explain in its pleading why the necessary party was not named. Not only was plaintiff's pleading deficient in this regard, but plaintiff's opposition still does not proffer any explanation for this fatal omission – Jeff Downey is voluntarily appearing in this action, submitting whatever affirmations plaintiff crafts, and has stated that this Court is a convenient place for him to come to and assist in prosecuting claims under the "agreement." Downey Affirmation, October 26, 2007, ¶ 3.[6]

So why, again, is Jeff Downey not a plaintiff herein? The only possible reason is so plaintiff can attempt to forum shop by manipulating the parties and manufacturing subject matter jurisdiction where none exists. This manipulation must fail.

## POINT III

### THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION

In his initial moving papers, Mr. Biegler set forth the reasons why plaintiff's complaint fails to state a cause of action upon which relief can be granted. Mr. Biegler established that, as a matter of law, Count 1 fails because there is no joint venture agreement. Mr. Biegler also established that Counts 2 and 3 must also fail because plaintiff has not even alleged any interest in the Emerald, but only a claim for money damages. Plaintiff has been unable to offer this Court a single argument to rebut any of these conclusions.

## POINT IV

### PLAINTIFF EVEN MANIPULATES CONVENIENCE

In his initial moving papers, Mr. Biegler pointed out that, founded upon "notions of convenience and fairness," if this case is not dismissed, which it should be, it should be

---

[6] Both plaintiff and Jeff Downey are asking this Court for a determination that Mr. Biegler owes them each $3.75 million under the "agreement." However, the "agreement," as plaintiff drafted it, does not say that plaintiff should be paid the entire 10% and then plaintiff will pay Jeff Downey, as Gary Weiss now claims. *See* Affirmation of Gary Weiss, dated October 30, 2007, ¶ 2.

transferred to California. *Totonelly v. Cardiology Associates of Corpus Christi, Inc.*, 932 F. Supp. 621, 622 (S.D.N.Y. 1996) (quoting *In re Cuyahoga Equip. Coro.*, 980 F.2d 110, 117 (2d Cir. 1992). In support, Mr. Biegler pointed out that all of the defendants and all of the known witnesses, except Gary Weiss, are from California. In response, plaintiff submits statements from two people from California – the two it controls – to say that they do not mind coming to New York. But such manipulation and machinations miss the boat on a forum *non conveniens* motion. While those two people say New York is convenient, they do not say that California is inconvenient – indeed, how could they? And simply because two of the California defendants have not yet appeared herein does not make their location as witnesses to plaintiff's spurious claims any less significant. Indeed, their absence here only serves to confirm that if these claims should be heard at all, California, where these witnesses reside, is the more appropriate forum.

## CONCLUSION

The instant application should be granted in its entirety.

Dated:   New York, New York
         November 6, 2007

                                        **REED SMITH LLP**

                                        By: _____
                                             Scott S. McKessy (SM-5479)
                                             599 Lexington Avenue
                                             New York, New York 10022
                                             (212) 521-5400

                                        *Attorneys for Defendant*
                                        Larry Biegler