Scott S. McKessy (SM-5489)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
Attorneys for Defendant Larry Biegler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                       :
JEWELRY 47, INC.,                                      :
                                                       :
                          Plaintiff,    CIVIL ACTION NO. 07-CIV-8272 (PAC)
            v.                                         :
LARRY BIEGLER and ELOHIM                               :
FINANCIAL and DIONE TILLMAN                            :
                          Defendants.   :
------------------------------------------------------X

## DECLARATION OF SCOTT S. MCKESSY

Scott S. McKessy, declares under penalty of perjury:

1.     I am a member of Reed Smith LLP, attorneys for defendant Larry Biegler. I am fully familiar with the facts set forth herein, and submit this reply declaration, pursuant to 28 U.S.C. § 1746, in further support of Mr. Biegler's instant motion to dismiss the complaint pursuant to Fed. R. Civ. Pro. Rules 12(b)(2), (6) and (7) and 19(b), or, if dismissal is not granted, to transfer this action to California pursuant to 28 U.S.C. § 1404(a).

### INTRODUCTION

2.     Mr. Biegler's motion seeks dismissal on many grounds: lack of personal jurisdiction; failure to name an indispensable party; failure to state a cause of action upon which relief may be granted; and, in the alternative, if dismissal is not granted, transfer this action to California. In response, plaintiff did not point to any conduct by Mr. Biegler that established he transacted business in this State, but counters with a cobbled up agency theory based upon an alleged isolated incident – which argument is factually untenable and deficient as a matter of law

anyway. Plaintiff then points to its own acts in this State to support it claim of personal jurisdiction over Mr. Biegler – but this, too, is inappropriate as a matter of law.

3. Plaintiff next argues the joinder of a necessary party is the burden of the defendant in an action and not the plaintiff and that there is no rule that provides someone can be joined as a plaintiff. This argument is simply frivolous. The Federal Rules specifically: make this plaintiff's burden; allow a party to be brought in as a plaintiff; and require dismissal for the absence of an indispensable party. Indeed, plaintiff offers nothing to rebut the fact that it engaged in inappropriate manipulations in order to manufacture diversity jurisdiction where none exists.

4. Finally, plaintiff is unable to concoct any position in opposition to Mr. Biegler's law that the three causes of action alleged in the complaint fail to state a cause of action upon which relief can be granted. But plaintiff then argues that the case should not be transferred, in any event, because two California residents, under the control and manipulation of plaintiff, say New York is convenient – not that California is inconvenient.

## **NO PERSONAL JURISDICTION**

5. In opposition to the instant motion, plaintiff provides this Court with three affirmations from people with "knowledge": Gil Weiss; Gary Weiss and Jeff Downey. None of these affirmations proffer any basis for exercising personal jurisdiction over Mr. Biegler. Indeed, on many occasion, the claims plaintiff now make contradict prior positions made by plaintiff.

**Affirmation of Gil Weiss**

6. Plaintiff submits the affirmation of Gil Weiss in opposition to the instant motion. This affirmation establishes that Gil Weiss is a California resident who had some unidentified phone calls and emails with Mr. Biegler or his associate Mr. Diaz-Infante. Gil Weiss, Affirmation, ¶¶ 1, 9. But Gil Weiss is a California resident and makes no claim that any of these few and infrequent communications involved New York.

### Affirmation of Jeff Downey

7. Plaintiff also submits the affirmation of Jeff Downey. His affirmation also confirms that he is a California resident. It also establishes that he misappropriated certain original confidential documents from Pacific Auction Exchange, Inc. and provided them to plaintiff's counsel. Indeed, these documents are entitled Seller's Agreement of Confidentiality. How Mr. Downey came into possession of documents that are not in the public domain, do not belong to him, and deal with confidential materials is unexplained. Regardless, Jeff Downey appears ready and willing to engage in such conduct at plaintiff's mere request.

8. Mr. Downey then claims that he contacted plaintiff on the behalf of Mr. Biegler. This statement, however, was not well thought out by plaintiff. Because, in connection with its first failed motion for the appointment of a receiver, Jeff Downey claimed that he contacted plaintiff on his own behalf: "I then contacted Jewelry 47, Inc. to further assist **_ME_** with the sale herein." Downey Affirmation, September 21, 2007, ¶ 2 (emphasis supplied).

9. Jeff Downey makes no claim that he was acting under the direction of Mr. Biegler when he contacted plaintiff. He makes no claim that he contacted plaintiff with Mr. Biegler's knowledge. He makes no claim that he was ever in New York on the behalf of Mr. Biegler. There is simply no factual basis for Jeff Downey to now pretend to be Mr. Biegler's agent.

### Gary Weiss Affirmation

10. Plaintiff also submits the affirmation of Gary Weiss in opposition. Similar to the other two affirmations, Gary Weiss offers nothing to support the claim of personal jurisdiction over Mr. Biegler. At best, Gary Weiss provides this Court with a single email from Mr. Biegler's associate Mr. Diaz-Infante wherein Mr. Diaz-Infante responds to Gary Weiss's email and states that Mr. Biegler is not aware of any "agreement" with plaintiff. That is it; there is nothing else plaintiff submits to this Court.

**Plaintiff's Performance**

11.     Plaintiff also makes the misplaced claim that only place the "agreement" was to be performed was New York. The "agreement" does not support this contortion and neither do plaintiff's affirmations. First, the sale involved property located in California. Second, there is no mention of New York anywhere in the "agreement." Third, plaintiff admits that a portion of the marketing occurred in California (*i.e.* all of the photography was done in California). Fourth, Jeff Downey directly contradicts plaintiff's claim that Jeff Downey, a California resident, had nothing to do with the marketing and promotion of the Emerald. Compare the following two statements:

> Plaintiff: "The only role of Jeff Downey was to locate a distributor for Biegler, which he did. ***He had no role in the performance of the contract***". Affirmation of Peter Gordon, dated October 4, 2007, ¶4 (emphasis supplied).

> Jeff Downey: "It is clear to me that through the efforts of Jewelry 47 and ***MYSELF*** the emerald has been marketed and promoted to stimulate serious offers." Affirmation Jeff Downey, September 21, 2007, ¶ 5 (emphasis supplied).

12.     Regardless of those inconsistencies, plaintiff's conduct is, as a matter of law, not a proper part of a personal jurisdiction analysis.

**NO SUBJECT MATTER JURISDICTION**

13.     In opposition to that portion of Mr. Biegler's motion that requires dismissal for failure to name an indispensable party, plaintiff merely argues that there is no such rule. A simple read of Federal Rules of Civil Procedure Rules 12 and 19, however, could have prevented plaintiff from making this baseless argument. Moreover, plaintiff never addresses this argument on a substantive basis. Jeff Downey is a party to the contract – nowhere, when plaintiff drafted the "agreement," did it include language in the "agreement" that said Mr. Biegler was to pay plaintiff and then plaintiff would pay Jeff Downey. Under the "agreement," as drafted by plaintiff, the purported obligation of Mr. Biegler runs to both plaintiff and Jeff Downey. Plaintiff's counsel then claims that Jeff Downey will execute a release and forbearance

agreement so there is no need for him to join this action. This statement, however, is unsupported by the affirmation of plaintiff or Jeff Downey.

14. Indeed, Jeff Downey is voluntarily appearing in this action and submitting whatever affirmations plaintiff crafts and has represented to this Court that the Southern District is a convenient forum for him to participate in the "enforcement" of the "agreement." So the question remains, why is he not a plaintiff herein – neither the complaint nor plaintiff's opposition papers offer any explanation. The answer, however, is clear: his presence in this action as a plaintiff destroys this Court's subject matter jurisdiction; by not naming him, plaintiff was able to manipulate the circumstances in order to manufacture subject matter jurisdiction where none exists. Jeff Downey is an indispensable party to this action and his absence warrants dismissal. Plaintiff's misconduct in this regard should no be condoned.

## FAILURE TO STATE A CAUSE OF ACTION

15. In his initial moving papers, Mr. Biegler established that plaintiff's three "Counts" fail to plead a cause of action upon which relief can be based. Count 1 alleges a breach of a joint venture agreement, but is devoid of any allegations pleading the essential elements of joint venture agreement. Counts 2 and 3 seek equitable relief, but all plaintiff seeks is payment of a "commission" – money damages. In response, plaintiff has been unable to offer any reason why its three "Counts" should not be dismissed – without any facts or law on its side, it is forced to simply ignore this argument.

## CONVENIENCE AND FAIRNESS

16. Finally, to the extent this action is not dismissed – which it should be – this action should be transferred to California. That is where all of the "events at issue" occurred and where all the known witnesses or parties – save one – are located. In response, plaintiff submits two affirmations from California residents – the two people that it controls – to say New York is not inconvenient. But what they do not say is that California is not more convenient. In fact, Mr. Beigler, Mr. Diaz-Infante, Jeff Downey, Gil Weiss, Dione Tillman and Elohim Financial all

reside in California. And the fact that Dione Tillman and Elohim Financial have, to date, not participated in this action in this forum, tends to indicate that their depositions, if necessary, will have to take place in California. There is simply no connection between this action and the State of New York.

## PLAINTIFF'S MISCONDUCT

17. Since this action was commenced, plaintiff has engaged in a pattern of misconduct that should not be tolerated. After commencing this action, the very first act plaintiff undertook was to have an employee of plaintiff's counsel, who was under the supervision of plaintiff's counsel, issue a press release materially misrepresenting an Order of this Court. See October 2, 2007 Hearing Transcript, p.6, line 11 – page 7, line 9 and page 13, lines 3-23. A copy of that transcript is annexed hereto as Exhibit F.[1] This Court cautioned plaintiff's counsel about issuing such press releases and "suggested" that no more press releases be issued relating to this action. In the almost four weeks following that court appearance, plaintiff took no action to retract the materially false press release. Instead, apparently disregarding this Court's October 2nd "suggestion", plaintiff's counsel issued another press release – again, containing half-truths about the status of this Court's action.

18. Plaintiff then submits opposition papers to the instant motion that contain conflicting sworn statements of fact, as well as reckless statements by its counsel. For example, in plaintiff's memorandum of law, plaintiff's counsel states (without citation to any sworn affirmation – indeed the entire memo is devoid any factual citations for any of its purported statements of fact) that Mr. Biegler was aware Dione Tillman and Elohim Financial were not going to appear in this action and that is why Mr. Haas (the lawyer who initially appeared before this Court on October 2nd) was never served with the initial motion papers. Opposition Memo of

---

[1] The sequence of Exhibits annexed to the reply papers will continue in sequence from those annexed to Mr. Biegler's initial moving papers.

Law, p. 11. But my office did attempt to serve Mr. Haas, by hand, on October 16, 2007, but Mr. Haas refused service. So what good faith basis does plaintiff's counsel have for making this statement?

19. Another example of plaintiff's reckless statements to this Court is found on that same page of plaintiff's memorandum of law. Plaintiff also claims – again, without any citation to any sworn affirmation – that Mr. Biegler's counsel misled this Court by not disclosing, in Mr. Biegler's initial moving papers, that Dione Tillman and Elohim Financial were not going to appear in this action. But how could Mr. Biegler indicate in his initial moving papers that the two other defendants were not going to move to dismiss when the other two defendants' time to do so had not yet run? Why would plaintiff make such a misrepresentation to the Court when it knew the motion schedule?

20. The final, and latest, move by plaintiff in this regard, is its purported cross-motion for the appointment of a receiver. Getting past the fact that plaintiff chose to ignore this Court's individual rules and practices in making such an application, as well as disregarding this Court's stated agenda for dealing with this case (*see* October 2nd Transcript, p. 14, lines 16-22), the motion itself is frivolous.

21. To begin with, it must be pointed out that the purported cross-motion is neither a motion for reargument nor for reconsideration. The motion does not claim that this Court overlooked any fact or law when it denied plaintiff's previous attempt to have a receiver appointed. Plaintiff also does not claim that there are any newly discovered facts or an intervening change in law that would warrant reconsideration of the motion. No. All plaintiff does is make the same application, based upon the same facts (actually less facts as plaintiff abandons its claim it ever had a joint venture with Mr. Biegler). Consequently, the purported cross-motion is precluded by the doctrine of the law of the case.

22. Accordingly, Mr. Biegler was forced to write a letter to this Court detailing the improprieties of plaintiff's latest antics. In response, the Court issued an Order establishing that

Mr. Biegler need not respond to the purported cross-motion. A copy of the Court endorsed Order is annexed hereto as Exhibit G.

**WHEREFORE**, it is respectfully requested that this Court grant Mr. Biegler's instant application in its entirety and grant Mr. Biegler such other and further relief as the Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 6, 2007.

_____
Scott S. McKessy

Scott S. McKessy (SM-5479)
Reed Smith LLP
599 Lexington Avenue
New York, New York 10022
(212) 521-5400
Attorneys for Defendant Larry Biegler

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEWELRY 47, INC., <br><br> Plaintiff, <br><br> v. <br><br> LARRY BIEGLER, DIONE TILLMAN and ELOHIM FINANCIAL, INC. <br><br> Defendants. | Case No.: 07-CIV-8272 (PAC) |

**REPLY DECLARATION OF LARRY BIEGLER**

LARRY BIEGLER, declares as follows:

1. I am one of the named defendants in this action. I am fully familiar with the facts set forth herein, and submit this reply declaration pursuant to 28 U.S.C. §1746, in further support of my instant application to dismiss this action or, in the alternative, to have the action transferred to the Southern District of California.

2. I submit this reply declaration in order to correct inaccurate statements made by plaintiff and those under its control – namely Jeff Downey – which plaintiff would have this Court believe are facts. As demonstrated by plaintiff's opposition papers, they can point to nothing I have done to allow this Court to exercise personal jurisdiction over me in this forum.

3.      First, Jeff Downey is not and was never an agent of mine. He never had my authority to act on my behalf, in any respect. I never informed anyone that Jeff Downey was acting on my behalf in any respect, and I never provided Jeff Downey with any compensation for his recent claim of being my agent. Moreover, I never controlled any of Jeff Downey's actions, in any respect, and never directed him or authorized him to perform any acts in the State of New York. Indeed, when Jeff Downey first informed me of plaintiff's existence, I was given the impression that plaintiff was a potential purchaser of the Emerald.

4.      Second, as I have repeatedly stated, I am not, nor have I ever been the owner of the Emerald. *See* Exhibit C to my initial moving papers.

5.      Third, as previously stated, but which plaintiff chose to ignore, in May 2007 – months before plaintiff even claims to have heard of them – B&B Services, Inc. (a company for which I work) began having discussions with Elohim Financial, Inc. for the sale of the Emerald. Plaintiff did not introduce me or B&B Services, Inc. to Elohim Financial, Inc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 5th day of November, 2007.

_____
Larry Biegler

- 2 -